**UNITED STATES of America**

v.

**5,553.80 ACRES OF LAND, MORE OR LESS, situated IN CONCORDIA PARISH, STATE OF LOUISIANA, and Angelina Plantation Farm, et al., and Unknown Owners.**

Civ. A. No. 77–0491.

United States District Court,
W. D. Louisiana,
Monroe Division.

May 8, 1978.

Edward L. Shaheen, U. S. Atty., Dosite H. Perkins, Jr., Asst. U. S. Atty., Dept. of Justice, Shreveport, La., for plaintiff.

Jeffrey W. Hurt, Thomas W. Leonard, Leonard, Koehn, Rose, Webb & Hurt, Dallas, Tex., John M. Madison, Jr., Weiner, Weiss, Madison & Howell, Shreveport, La., for defendants.

## MEMORANDUM RULING

STAGG, District Judge.

The United States began this action to condemn a tract of land located in Concordia Parish, Louisiana, on May 10, 1977. The land was condemned on May 12. The action has progressed and now is ready for trial. Prior to trial, the court must rule on two pretrial motions in order to limit the issues for trial.

In its original answer to the action, defendant Angelina Plantation Farm (Angelina) prayed for its costs and expenses of litigation, including the expenses and fees of its expert witnesses and attorneys. Angelina amended its answer on November 22, 1977, to aver that the plaintiff had not conducted its appraisal and negotiations in good faith. It reiterated its prayer for costs and attorneys fees. On April 3, 1978, Angelina filed an additional amended answer, renewing its bad faith claims, and also asking for a judgment that the United States was obligated to keep the natural drains on the condemned property open and to refrain from interfering with the conventional drain located on the condemned property. The parties have prepared a joint motion and stipulation that renders the drain issue moot.

The United States opposed the first amendment of Angelina's answer. After the court granted the motion to amend, the United States filed a motion to strike the allegations concerning bad faith negotiation and any claim for damages or costs above just compensation. On April 11, 1978, the United States filed a motion to strike, or alternatively for summary judgment on the good faith issue, as to Angelina's amended answer. Angelina responded to the motion to strike on April 24, 1978, and alternatively requested summary judgment on the issue of good faith appraisal and negotiation. For the reasons stated below, the motion for summary judgment filed by Angelina must be DENIED. The motion for summary judgment, and the motion to strike by the United States must be GRANTED.

The exact legal theory on which Angelina bases its claims for amounts above and beyond just compensation is unclear. Apparently, Angelina argues that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 grants it an implied remedy for costs of litigation and attorneys fees in a condemnation action if the Federal agency fails to follow the guideline set forth in the Act. In addition,

Angelina contends that the general American common law dictates that the United States must be liable in costs and attorney's fees for vexatious actions pursuant to *F. D. Rich Company, Inc. v. United States,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), and *Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Neither theory supports Angelina's contentions.

### IMPLIED RIGHTS UNDER THE UNIFORM RELOCATION ACT

The 1970 Act (Uniform Relocation Act) was passed as Public Law 91–646, entitled, "An Act to provide for uniform and equitable treatment of persons displaced from their homes, businesses, or farms by Federal and federally assisted programs and to establish uniform and equitable land acquisition policies for Federal and federally assisted programs." Section 102(b) of the Act, 42 U.S.C. § 4602(b), provides, "Nothing in this Act shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately prior to the date of enactment of this Act." In discussing § 102, the House of Representatives considered the impact of the Act on condemnation actions:

> "[T]his act does not give any person a cause of action or a defense to an action in any court, or create any new elements of value or damage in any eminent domain proceedings." House Report 91–1656, 1970 U.S.Code Cong. & Admin. News, pp. 5850, 5854 (91st Cong., 2d Sess. 1970).

Moreover, the House rejected a provision in the Act that would have granted judicial review over certain conduct undertaken pursuant to the Act. *Id.*

Congress clearly did not intend to give private parties any rights with respect to compensation or costs in condemnation actions instituted after the effective date of Act. The Congressional intent is confirmed by the language of 42 U.S.C. § 4651:

> "[H]eads of Federal agencies, shall, *to the greatest extent practicable,* be guided by the following policies . . . ." (Emphasis added.)

Moreover, the courts that have examined the Act with respect to any private remedies uniformly have determined that the Act has no effect on the rights of private parties. *United States v. 416.81 Acres of Land, etc.,* 525 F.2d 450 (7th Cir. 1975); *Nall Motors, Inc. v. Iowa City, Iowa,* 410 F.Supp. 111 (S.D.Iowa 1975), *aff'd,* 533 F.2d 381 (8th Cir. 1976); *Will-Tex Mfg., Inc. v. Department of Housing and Urban Development,* 346 F.Supp. 654 (E.D.Pa.1972), *aff'd,* 478 F.2d 1399 (3d Cir. 1973).

Under the Act, as under prior law, the condemnee can recover costs and appraisal and attorneys fees only if the court determines that the government is not entitled to condemn the property. 42 U.S.C. § 4654(a)(1). In this action, Angelina does not contest the taking or the entitlement of the United States to condemn the property. Thus, the Uniform Relocation Act of 1970 provides no basis for the award of costs or attorneys fees in this action to Angelina.

### RIGHTS UNDER GENERAL AMERICAN COMMON LAW

In the United States, the courts generally follow the "American rule" in determining whether to award attorneys fees and costs to the prevailing party. Generally, the American rule forbids the award of attorneys fees in the absence of bad faith. Angelina argues that it is entitled to costs and attorneys fees because of the bad faith exception to the American rule, that the prevailing party can recover its costs and attorneys fees if its opponent has acted in bad faith with respect to the litigation. Its entitlement, if any, is based upon *F. D. Rich Company, Inc. v. United States,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), and *Alyeska Pipeline Service Company v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

*Rich* was a suit brought under the Miller Act. The court determined that the claimant could not meet even the test of the American rule. *Rich* did not in any way

indicate that even if the American rule requirements were met, a court could award attorneys fees against the United States in the absence of a statutory mandate to do so.

■ *Alyeska* was an action brought by an environmentalist group to prevent the Secretary of the Interior from issuing permits for construction of the Trans-Alaska Pipeline. The United States Supreme Court examined the history of the "American rule" in federal court and recognized that a court cannot make an award of attorneys fees against the United States absent statutory authority. 421 U.S. at 269, n. 44, 95 S.Ct. at 1627, n. 44. Attorneys fee rules, said the court, should be fashioned by Congress, not the courts. *Alyeska* does not support Angelina's arguments.

### SOVEREIGN IMMUNITY

■ A still stronger argument defeats Angelina's claim for costs and attorneys fees in this action. It is axiomatic that the United States is immune from suit or any recovery unless the United States has waived its sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1940); *Simons v. Vinson,* 394 F.2d 732 (5th Cir. 1968). Therefore, costs and attorneys fees cannot be awarded against the United States in absence of a rule or statutory authority. *United States v. 2353.28 Acres of Land, etc.,* 414 F.2d 965 (5th Cir. 1969); *United States v. Patterson,* 206 F.2d 345 (5th Cir. 1953). In a condemnation action, the only statute allowing an award of costs and attorneys fees against the United States is 42 U.S.C. § 4654(a)(1), which grants the condemnee his costs and fees if he proves that the United States is not entitled to condemn his property. Otherwise, the condemnee can recover only just compensation, which is equal to the fair market value of the condemned estate. *United States v. 2186.63 Acres of Land, etc.,* 464 F.2d 676 (10th Cir. 1972); *United States v. Easement and Right of Way,* 452 F.2d 729 (6th Cir. 1971); *United States v. 2353.28 Acres of Land, etc.,* 414 F.2d 965 (5th Cir. 1969); FRCP 71A(*l*).

### CONCLUSION

Angelina has demonstrated no waiver of sovereign immunity by the United States or any other basis on which the court could award damages or litigation costs and attorneys fees beyond the amount the court sets as just compensation. The motion by the government to strike all parts of Angelina's amended answers that object to the taking or that aver that the United States did not appraise the property or negotiate for its purchase in good faith or that pray for any damages, costs or fees beyond the amount of just compensation hereby is GRANTED. The only issue remaining for trial will be the fair market value of the property at the date of the taking, so that the court can establish the just compensation to Angelina Plantation Farm.