**UNITED STATES of America, Plaintiff,**

v.

**243.538 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF MAUI, STATE OF HAWAII; the Nature Conservancy et al., and Unknown Owners, Defendants.**

**Civ. No. 78–0359.**

United States District Court,
D. Hawaii.

March 9, 1981.

---

984

Cora K. Lum, Asst. U. S. Atty., Walter M. Heen, U. S. Atty., Honolulu, Hawaii, for plaintiff.

David H. C. Lee, Herbert K. Shimabukuro, Stanley M. Morishige, Nishimura, Lee & Shimabukuro, Honolulu, Hawaii, for claimants Kaholokula, Ho, Kawaauhau, Goodness, Sniffen, Eleban, Simpson, Palafox, Bayron, Akee, Akee, Akee, Akee, Akee and Akee.

Clesson Y. Chikasuye, Honolulu, Hawaii, for claimants Kamakawiwoole, Bent, Bartels and Cummins.

William M. Tam, Ronald Albu, Legal Aid Soc. of Hawaii, Honolulu, Hawaii, for claimants Aluli, Aluli, Toomey and Lino.

Ryther L. Barbin, Wailuku, Hawaii, for claimants Kinser and Kamai.

Edmund J. Wood, Seattle, Wash., for claimant Kamai.

David K. Namaka, Honolulu, Hawaii, for claimants Hokoana and Hokoana.

Donald E. Scearce, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for claimants Asing and Asing.

Yukio Naito, Honolulu, Hawaii, for claimants Lake and Kelii.

Thomas M. Culbertson, James T. Paul, Corey Y. S. Park, Paul, Johnson & Alston, Honolulu, Hawaii, for claimant Aina O Kipahulu Ass'n.

Yuklin Aluli, Mililani Trask, Honolulu, Hawaii, for claimants Aluli, Hollinger, Aluli, Souza, Aluli, McManus, Akiona and Akiona.

Kahala-Ann Trask Gibson, Honolulu, Hawaii, for claimants Saffery and Smythe.

Isaac Davis Hall, Wailuku, Hawaii, for claimants Aluli, Pang, Hoopai, Ramos, Kupele, Saffery and Smythe.

William C. McCorriston, Goodsill, Anderson & Quinn, Honolulu, Hawaii, for claimant the Nature Conservancy.

James H. Case, Robert E. Strand, Carlsmith, Carlsmith, Wichman & Case, Honolulu, Hawaii, for claimant Kipahulu Inv. Co.

Edward C. Kemper, Kemper & Watts, Honolulu, Hawaii, for claimants Drummond and Drummond.

Kinji Kanazawa, Harilyn S. Mau, Honolulu, Hawaii, for claimant Pelayo.

Stuart M. Cowan, Cowan & Frey, Honolulu, Hawaii, for claimant Wedemeyer.

## DECISION AND ORDER GRANTING REQUESTS FOR ATTORNEYS' FEES AND COSTS

SAMUEL P. KING, Chief Judge.

On September 18, 1978, the United States of America filed a complaint in condemnation and notice of condemnation for the taking in seven tracts of 243.538 acres of land, more or less, in the County of Maui, Hawaii. The land was to be taken "for the proper administration, preservation, and development of Haleakala National Park for the use, benefit and enjoyment of the public." The Nature Conservancy and several other defendants were named in the complaint as purported owners or as other parties who may have had or claimed an interest in the land. Most of those named filed answers, appearances or disclaimers.

Following nearly two years of discovery, numerous motions regarding procedure, numerous motions regarding title and compensation, title hearings, and activities of a Special Master appointed by this Court, the United States, on May 14, 1980, moved for

dismissal of the action. The motion for the dismissal was made under 42 U.S.C. § 4654(a)(2) (1977). In the government's words: "... in view of the difficulties this lawsuit has generated, the National Park Service has undertaken a complete review of the situation at Haleakala to ascertain possible other means to accommodate research management, visitor use, and East Maui Lifestyle" and "in light of the strong desire on behalf of many of the condemnees to have this case withdrawn," it was concluded that this lawsuit should be dismissed. The United States was confronted with numerous long and complex battles over title when it decided to seek dismissal of the case. These contributed to the "difficulties this lawsuit has generated."

On June 6, 1980, this Court issued a Special Order directing any person who believed he had a claim for "reasonable costs, disbursements and expenses" pursuant to 42 U.S.C. § 4654(a)(2) (1977) to file such a claim by June 30, 1980. Section 4654(a)(2) provides:

> (a) The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if—
> (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
> (2) the proceeding is abandoned by the United States.

Most of the defendants, through their attorneys, submitted requests for attorneys' fees and costs and, in some cases, also requested awards that included the 4% state general excise tax and interest.

■ In order to be awarded reasonable attorneys' fees and costs under the statute, a defendant in a condemnation proceeding: (1) must be "the owner of any right or title

to, or interest in, such real property" and (2) must actually have incurred such reasonable attorneys' fees and costs. In addition, the government must have failed in its effort at condemnation or have abandoned the proceeding. The government concedes that the final requirement has been met but opposes fee awards to requesting defendants on the grounds that they either are not owners or did not incur any fees.

■ In considering these fee requests, this Court is aware that in enacting section 4654(a), Congress intended to create only a narrow exception to the general rule of nonrecovery of litigation expenses in condemnation actions. *United States v. 4.18 Acres of Land, Etc.*, 542 F.2d 786, 788 (9th Cir. 1976); *United States v. 410.69 Acres of Land, Etc.*, 608 F.2d 1073, 1076 (5th Cir. 1979). Therefore, each requirement of the statute will be applied strictly before an award is made. At the same time, this Court recognizes that a condemnation defendant has rights to compensation as authorized by the statute.

I. The Nature Conservancy

■ In the complaint and notice of condemnation, the only defendant (other than the land) named in the caption of the case was the Nature Conservancy ("Conservancy"), a non-profit corporation organized and existing under the laws of the District of Columbia. In addition, the United States indicated in the caption that there were unknown owners but, in the appendices to the complaint and notice, designated the Conservancy as the purported owner of the subject land. Numerous complete and incomplete names and addresses were listed to designate other parties who may have had or claimed an interest in the land. On November 14, 1978, the Conservancy filed a notice of appearance in lieu of an answer to the complaint and, at the same time, indicated that this notice of appearance was filed with the express understanding that the Conservancy and the United States intended to enter a "Stipulation as to Amount of Just Compensation." That stipulation was filed on January 11, 1979. It provided,

in summary, that the Conservancy was owner of a partial interest in certain tracts of the subject land, and that as a gift and donation by the Conservancy, it would convey whatever interest it had in the land to the United States for $1.00 just compensation. In addition, under the stipulation, the Conservancy disclaimed any liability for any lien, encumbrance, claim or charge of any nature and for any liability for costs, expenses or fees for obtaining evidence of title to any tracts. In effect, the Conservancy acceded to the taking for $1.00 and left the United States to contest any title issues.

The United States Attorney filed a claim indicating the nature of the interests of the Conservancy. In that claim, the United States indicated that the Conservancy held a 100% interest in six of the tracts and an 85% interest in the seventh tract.[1] In part the claimed interests depended upon establishing adverse possession by the Conservancy and its predecessors.

Though the Conservancy donated the land to the United States, disclaimed all liability in any of the title contests, and allowed the United States Attorney to represent it with respect to any claims of adverse possession, it has filed a claim for attorney's fees under section 4654(a) through its attorney, William C. McCorriston. This Court finds that in this situation the Conservancy is not entitled to fees under section 4654(a). In the same way that the policy of the statute is disserved by such an award to a claimant who prevails on the proceeding and then sells the land to the United States, the policy would be disserved where, as here, such an award were made to a claimant who has already agreed to convey the land for $1.00 and to require the United States to prove the extent of its interest. *United States v. 5,553.80 Acres of Land, More or Less, Etc.*, 451 F.Supp. 220,

222 (W.D.La.1978); *United States v. 410.69 Acres of Land, More or Less, Etc.*, 608 F.2d 1073, 1075 (5th Cir. 1979). Therefore, the Conservancy's claim for attorney's fees is denied.

## II. Parties Represented by the Legal Aid Society of Hawaii

■ Claimants Hayden Aluli, Pia Aluli, Charmaine Toomey, and Wilhemina K. Lino were represented in this action by William M. Tam and Ronald Albu of the Legal Aid Society of Hawaii (LASH). In order to be awarded attorney's fees, a claimant must show that the fees requested were actually incurred. That is, the claimant must be under some legal obligation to pay an attorney for services rendered. Since the attorney-client contract submitted by LASH indicates that its clients do not pay for LASH services, those clients have not actually incurred any attorney's fees and cannot be awarded such fees. However, costs that are actually incurred can be awarded under the statute. Costs were incurred and are awarded as requested in the amount of $3,044.53.

## III. Lottie Kauka Kaholokula, Agnes Kauka Ho, Hannah Leilani Akee Kawaauhau, Juliette Edna Akee Goodness, Olga Ruth Akee Sniffen, Abigail Akee Elaban, Gretchen Agnes Akee Simpson, Oinah June Akee Palafox, Eva Juliette Akee Bayron, Robert Stewart Akee, Stanley Raymond Akee, Llewellyn Charles Akee, Adrian William Akee, Yvonne Ululani Akee, Lorna Lulehua Akee, and Llewella Kuulei Akee represented by David H. C. Lee, Herbert K. Shimabukuro and Stanley M. Morishige

■ The three attorneys submitted a joint claim for a total of 36.5 hours, within the reasonable number of hours discussed

1. According to a memorandum filed by the United States, the Conservancy entered into an agreement with the United States Secretary of the Interior on January 10, 1969, in which the Conservancy agreed to donate lands conveyed to it by Jean W. McCaughey and Annie Smith. The United States agreed to accept the donation. Although part of the donation was not consummated, the United States and the Conservancy entered into the January 11, 1979, stipulation "to finalize the donors participating in the donation and the ensuing eminent domain proceedings."

above. No costs were claimed. This claim was untimely, having been filed on August 21, 1980. Therefore, the claim will not be considered.

IV. Other Claimants

Each of the remaining claimants who is an owner of some right, or title to, or interest in the real property, is entitled to reimbursement for all reasonable attorneys' fees and costs actually incurred because of the condemnation proceedings.

■ (1) *Ownership.* The United States contends that none of the remaining claimants are "owners of a right or title to or interest in" this real property. The United States asserts that there have been no judicial determinations of ownership, and further claims that the Conservancy acquired any small holdings within the larger tracts through adverse possession by the Conservancy and its predecessors in title.

The other individual defendants all claim interests in the land through land awards to the ancestors of their predecessors in title[2] and the two corporate defendants claim easements granted by the Conservancy's predecessors in title.

There have in fact been several judicial determinations of title to various portions or parcels within the seven tracts described in the complaint. These include probate proceedings and three actions to quiet title, the last of which was just completed in January 1981.

The government's contention that these claimants were deprived of title by adverse possession is also not supported by the record. A manager of Hana Ranch, Inc., one of the major land occupiers in the area and one of the predecessors in title of the Conservancy, indicated in his deposition that the Ranch had no intention of possessing any of the land adversely to any record title

holders. The Conservancy, apart from the position of the United States Attorney, has taken no position on this issue. The question of title to each of the tracts involved was to be adjudicated in this case and hearings on each of the tracts were set at the time the United States moved to dismiss the action.

Therefore, this Court finds that the recitals of title in the answers filed by the persons named by the United States in its complaint and notice of condemnation are a sufficient basis upon which to find that each defendant satisfies the statutory requirement that the defendant be "the owner of any right, or title to, or interest in, such real property."

■ (2) *Obligation for attorneys' fees and costs.* Each of the claimants also must have actually incurred the reasonable attorneys' fees and costs claimed. The United States contends that a copy of an attorney-client fee contract must be submitted to prove that the client is legally obligated to pay fees.

As to the contractual issue, except for the LASH clients, there is nothing in the claims of defendants to indicate that anything other than the normal situation exists, that is that the clients owe the attorneys for services rendered. The written claims submitted and oral representations made by counsel at the hearing on the fee requests indicate that all the defendants entered into oral or written agreements as to fees to be paid to their attorneys.

In some cases, the defendants retained their attorneys on a contingency basis. The United States contends that in those cases, no fees were actually incurred and apparently argues that the contingency involved was a final outcome in which each of the claimants successfully established title to some of the land and received just compen-

2. The owner of a large tract of land in Hawaii might, and usually does, have, within the outer boundaries of the large tract, smaller pieces of land owned by others. Ownership of these smaller pieces of land has historically in many instances been claimed by the owner of the surrounding larger tract by escheat or by ad-

verse possession. The remote locations of the smaller parcels claimed in this action make claims of adverse possession difficult to prove. For a general description of Hawaiian land titles, *see* Chinen, Original Land Titles in Hawaii (Lib. of Cong.Cat.Card No. 61-17314—1961).

sation. In that case, each attorney retained on a contingency basis would receive some percentage (depending upon the terms of the agreement) of the recovery and nothing if there were no recovery.

The United States relies on *United States v. 431.60 Acres of Land, Richmond County, Ga.*, 355 F.Supp. 1093 (S.D.Ga.1973), to support its position. In that case, the court held:

> In an abandoned condemnation, a contingent fee alone would give rise to no "incurred" obligation because the contingency did not occur.

355 F.Supp. at 1096. However, the agreement in that case was that the attorney would receive one-third of any amount obtained over and above offers the client already had received for the land. When the client decided there was a chance to defeat the ultimate condemnation, the agreement was modified to compensate the attorneys on a *quantum meruit* basis if the condemnation was defeated. Despite its dictum on contingent arrangements in general, the court held that the clients were entitled to fees under the modified contract.

At least some of the arrangements in this case were entered with the most desirable outcome understood to be the ultimate defeat of the condemnation. While the defendant condemnee in *431.60 Acres* was a company that apparently usually entered into detailed written agreements, the defendants in this case entered into various kinds of less formal oral and written agreements, some of which were on contingency bases and all of which bound the clients to pay at least on a *quantum meruit* basis. In view of this Court's conclusion that most of these defendants preferred to keep the land they had received from their ancestors and that the United States abandoned the action in part because of the desire of the defendants to keep their land, this Court finds that the defendants were obligated to pay their attorneys at least on a *quantum meruit* basis. That is, the contingency in some of these agreements was that the condemnation fail. In the alternative, it is probable that in some cases there was no agreement as to compensation in the event the condemnation failed. In that situation, the client would be liable on a quasi-contract, *quantum meruit* basis. Therefore, all the claimants remaining are entitled to reasonable attorneys' fees and costs.

■ (3) *Reasonableness of fee request.* To determine the reasonableness of a fee request, this Court must consider the twelve criteria listed in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). These factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See also Kerr v. Screen Extras Guild*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *Fountila v. Carter*, 571 F.2d 487 (9th Cir. 1978). In considering these criteria, this Court must examine carefully the hours submitted by counsel to assure that the amounts awarded are not duplicative. *See Johnson, supra* at 717; *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978).

■ Since the statute requires that the awards be reasonable and the basis for most of the contractual arrangements is compensation on a *quantum meruit* basis, the appropriate upper limit would be the market value of an attorney's services rather than actual charges. *See Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980). In this case, a reasonable fee is determined by multiplying a reasonable hourly rate for each attorney by a reasonable number of hours for each attorney.

### a. *Reasonable Hourly Rate*

█ The following *Johnson* criteria are relevant to a determination of a reasonable hourly rate: the skill requisite to perform the legal service properly, the customary fee, and the experience, reputation and ability of the attorney.[3] The hourly rates requested as customary fees range from $35 to $105. Though there are differences in the experience, reputation and ability of the attorneys involved, the work done by the attorneys was similar title work and attendance in court and did not require any particular skill beyond the average. Therefore, considering the *Johnson* criteria and the narrow construction to be given to the statute as an exception to the general rule of no awards in eminent domain cases, *see 4.18 Acres, supra,* this Court finds that a reasonable hourly rate is $50 for each of the attorneys.

Several of the claimants included in their claims 4% toward the state general excise tax and interest. The statute provides no basis for award of these charges.

### b. *Reasonable Number of Hours*

█ The *Johnson* criteria to be considered are the time and labor required in light of the novelty and difficulty of the questions involved. Unlike the hourly rate situation, there is a large and justifiable range in the number of hours expended by the attorneys representing the various claimants. For example, some attorneys, representing several defendants, carried most of the load on the condemnation proceeding. Therefore, in measuring the time and labor required, the number of defendants represented by each attorney, and the role of the attorney in the overall management and coordination of the proceeding as a common effort of all the defendants to defeat the condemnation will be given appropriate consideration.

### (4) Defendants and Attorneys

### a. *Hans Wedemeyer represented by Stuart Cowan*

█ The 30 hours submitted by Mr. Cowan on Mr. Wedemeyer's behalf were all devoted to preparation for and attendance at court hearings and to review of documents. Considering the criteria above, this Court finds that the request should be reduced by one-half to 15 hours at $50 an hour for an award of $750.00 plus costs of $114.00.

### b. *Alcario Pelayo represented by Kinji Kanazawa and Harilyn S. Mau*

█ Kinji Kanazawa submitted 41 hours and Harilyn S. Mau 126 hours without itemization of the types of tasks performed. Without such justification to support such a large request, this Court relies on its judgment based on the *Johnson* criteria and the narrow construction to be given to the statute and finds that the time reasonably necessary to conduct the title work and associated courtroom and document work is 40 hours. The total amount awarded is $2,000.00 in attorneys' fees plus $916.38 in costs.

### c. *William Kamakawiwoole, Daisy Bent, Catherine Kawehionapua Bartels, and Raplee Kaweolani Cummins, Jr. represented by Clesson Chikasuye*

█ Clesson Chikasuye submitted an itemized list of tasks performed for a total of 53.90 hours. The itemized listing indicates that all the time spent was devoted to the condemnation action but that certain hours were devoted to political and public relations aspects of the client's case and should not be compensated. Under this statute, as determined above, this Court finds that the time reasonably necessary to

---

**3.** The requests submitted indicate that in none of the claims are any of the following *Johnson* criteria relevant: the preclusion of other employment by the attorney due to acceptance of the case, whether the fee is fixed or contingent, time limitations imposed by the client or the circumstances, the amount involved or the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, or awards in similar cases. *See Kessler v. Associates Financial Services, Co., Etc.,* 639 F.2d 498 at 500 (9th Cir. 1981).

conduct the title work and associated courtroom and document work is 40 hours. The total amount awarded is $2,000.00 in attorneys' fees. No request was made for costs.

d. *Mildred and Mary Drummond represented by Edward Kemper*

Edward Kemper submitted a request for 41.75 hours. On the same basis as the 40 hours calculated for the other attorneys, *supra*, the amount awarded is $2,000.00 plus $106.77 in costs.

e. *Edmund K. Kamai, Jr. represented by Edmund J. Wood and Ryther L. Barbin, Jr., and Richard Kinser represented by Ryther L. Barbin, Jr.*

Edmund J. Wood, an attorney in practice in Seattle, Washington, was Mr. Kamai's attorney of record in this matter. However, pursuant to the Local Rules for the District of Hawaii, Mr. Ryther L. Barbin, Jr., an attorney in practice on the Island of Maui, associated with Mr. Wood on behalf of Mr. Kamai. Under the Local Rules, such local counsel "shall at all times meaningfully participate in the preparation and trial of the case." Local Rule 1(e).

Both attorneys submitted claims for hours above what this Court has determined is a reasonable number for the compensable work done. While any party is free to be represented by two attorneys who may be duplicating efforts, the statute provides for reimbursement for only reasonable attorneys' fees and costs. The excess hours expended and duplication of effort are evident from an examination of the itemized time sheets submitted by Mr. Wood. For example, the collaboration of two attorneys apparently necessitated many hours of conferring on the telephone. It appears that Mr. Wood carried much of the research load and Mr. Barbin much of the load associated with being on the Island of Maui.

Mr. Barbin also represented another defendant, Richard Kinser.

This Court finds that 40 hours total is reasonable for the work done for both defendants as determined *supra* for other claimants. There being no basis for dividing the resulting fees between Mr. Barbin and Mr. Wood, they will be compensated jointly for 40 hours, for an award of $2,000.00 plus $600.00 in costs owed to Mr. Wood and $402.00 in costs owed to Mr. Barbin.

f. *Noa I. Aluli, Marie Pang, Helen Hooper, Lydia Ramos, David Kupele, Jr., Nani Saffery, and James Smythe represented by Isaac Davis Hall*[4]

Mr. Hall, an attorney on the Island of Maui, represented seven defendants and was one of the "laboring oars" in this proceeding. He was also very much involved in actions to quiet title in the Second Circuit Court, State of Hawaii. He submitted a request for compensation for 479.75 hours. The itemization submitted includes at least 102 hours devoted to matters of strategy and public relations that are not sufficiently related to the condemnation proceeding to justify compensation. Of the remaining 377.75 hours, much of the time may as reasonably be chargeable to the quiet title actions. The answer filed by Mr. Hall on behalf of his clients was a copy (produced by a copying machine) of the answer filed by Yuklin Aluli on behalf of her clients. Under the circumstances, this Court finds that 100 hours are reasonable. A total of $5,000.00 in attorneys' fees plus $615.62 in costs is awarded.

g. *Kahala-Ann Trask Gibson representing Nani Saffery and James Smythe*[5]

Kahala-Ann Trask Gibson submitted a request for compensation for 190 hours. Of the 190 hours, 24 were devoted to matters of strategy and public relations not directly related to the condemnation proceeding and are not to be compensated. Furthermore,

---

4. Nani Saffery and James Smythe initially were represented by Kahala-Ann Trask Gibson. Isaac Davis Hall later took over their representation.

5. *See* note 4.

she eventually turned over the representation of these defendants to Mr. Hall. This Court finds that, since Ms. Gibson was involved in the early stages of the case for these defendants, 40 hours is reasonable for a total award of $2,000.00 plus $516.19 in costs.

h. *Kepoikai C. Aluli, Alai A. Hollinger, Irmgard F. Aluli, Mihana A. Souza, Iona Aluli, Aima A. McManus, Peter K. Akiona, Sr., and Peter K. Akiona, Jr. represented by Yuklin Aluli and Mililani Trask*

Ms. Aluli submitted a claim for 523 hours of compensation and Ms. Trask 275 hours, and in addition they jointly claim 49 hours of law clerk services. These attorneys represented eight clients and were heavily involved with the general conduct of the case and should be compensated accordingly. Yuklin Aluli was probably the leading attorney in opposing the proposed condemnation and in asserting the rights of individual defendants, many of whom are her relatives. However, the number of hours requested by each is excessive and unreasonable. Specifically, the number of hours devoted to research is far in excess of those necessary to conduct this type of case. Based upon the criteria and standards used for each of the claimants discussed so far, this Court finds that 200 total hours for these attorneys taken together are reasonable, in the proportion of 125 hours for Ms. Aluli and 75 hours for Ms. Trask, each at $50 per hour for a total award of $10,000. The 10 hours of law clerk time at $10 per hour for $100 is reasonable and will be awarded, plus costs of $1,784.43.

i. *Frank Lake and Julia Kelii represented by Yukio Naito*

Yukio Naito claims 48.25 hours expended in this proceeding. Again, a total of 40 hours is considered reasonable for a total award of $2,000.00. No costs were claimed.

j. *Frances K. Asing and John M. Asing represented by Donald E. Scearce*

Mr. Scearce claims 51 hours of compensation. Nothing in his itemized list of hours indicates any more than the average involvement in the proceeding and 40 hours will be compensated for a total award of $2,000.00. No costs were claimed.

k. *John Hokoana, Sr., and John Hokoana, Jr., represented by David K. Namaka*

David K. Namaka claims only hours for attending depositions and court hearings and conferences at the rate of $50 per hour for 7 hours of attending depositions, and court attendance at the rate of $350.00 per day for 2 full days. However, the attorney's log submitted indicates that Mr. Namaka appeared in court on two different days but only for one hour on one day and one-half hour on another day. Therefore, 2 hours of court time and 7 hours of deposition time will be compensated at $50 per hour for a total award of $450.00. No costs were claimed.

l. *Aina O Kipahulu Association and Kipahulu Investment Company*

Aina O Kipahulu Association, represented by Thomas M. Culbertson, James T. Paul, and Corey Y. S. Park, alleges in paragraph 2 of its Answer that it is "a nonprofit Hawaii corporation, members of which are owners of lots within Aina O Kipahulu Subdivision ('the Subdivision'), situated in the area of Kipahulu, Maui, Hawaii." The Association itself asserts ownership only of an easement for an existing water pipeline and water system. Although it seems unlikely that the government would condemn an easement that serves a subdivision outside of the subject property, the government did not stipulate to the exclusion of this easement, even though there is a possibility that the description of the property sought to be condemned already excludes the easement under which the Association claims its easement. The Association was therefore required to appear to protect its interests. A total of 47.4 hours were claimed with 45.7 expended by Mr. Culbertson, .4 expended by Mr. Paul and 1.3 expended by Mr. Park. For reasons discussed above, 40 hours is considered reasonable for a total award of $2,000.00 plus $192.61 in costs.

m. *Kipahulu Investment Company represented by Robert E. Strand*

Kipahulu Investment Company found itself in a position similar to that of the Aina O Kipahulu Association. That is, the Company claimed an easement, which might have been derived from the easement excluded from the description of the property sought to be condemned, but which the government did not stipulate to exclude from the taking. Mr. Strand submitted a claim for 16.8 hours. Based on the itemization submitted, all the hours are reasonable and are compensated at $50 per hour for a total award of $840.00 plus $340.40 in costs.

Accordingly, IT IS HEREBY ORDERED that each of the claimants' requests [6] for attorneys' fees (totaling $33,040.00) plus law clerk services ($100.00) and costs (totaling $8,632.93) is GRANTED as indicated above except the requests of the following claimants, which are DENIED: the Nature Conservancy; Hayden Aluli, Pia Aluli, Charmaine Toomey, and Wilhemina K. Lino; and Lottie Kauka Kaholokula, et al.

---

6. Some of the persons appearing in this action filed disclaimers. Some determined that they were not affected by the action. Some made no claim for attorney's fees or costs. The claimants dealt with in this decision and order are only those who filed claims pursuant to this Court's order of June 6, 1980.