### William H. SHAFFER

v.

### COMMISSIONER OF INTERNAL REVENUE SERVICE, et al.

Civ. A. No. 81–702.

United States District Court, E. D. Louisiana.

June 11, 1981.

William H. Shaffer, in pro per.

George C. Gibson, Amoco Production Co., New Orleans, La., William D. M. Holmes, Tax Division, U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

JACK M. GORDON, District Judge.

Plaintiff, William H. Shaffer, filed this *pro se* complaint seeking to enjoin the defendants in collection of withholding taxes from wages received in his Amoco Production Company (hereinafter "Amoco") employment. Named defendants include the Commissioner of Internal Revenue; Jack Chivatero, District Director of Internal Revenue, New Orleans District, Southwest Region; Amoco; and Carolyn Leonard, Director, Internal Revenue Service Center Southwest Region. Mr. Shaffer's motion for a preliminary injunction and the defendants' responsive motion to dismiss was heard on March 25, 1981, with the Court ordering any additional memoranda filed by April 15, 1981, at which time the matter was taken under submission. Having reviewed the memoranda of counsel, the arguments, and the applicable law, the Court has decided to GRANT the defendants' motion to dismiss.

On or about May 30, 1980, the plaintiff filed a Federal Withholding Certificate, Treasury Form W–4, indicating that he was "exempt" from withholding taxes in 1980. Mr. Shaffer presumedly relied upon Section 3402(n) of the Internal Revenue Code of 1954 to justify his actions. This statute, which affords qualifying taxpayers relief from withholding, provides in part:

(n) EMPLOYEES INCURRING NO INCOME TAX LIABILITY—Notwithstanding any other provisions of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary may prescribe) furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

Ms. Leonard notified Mr. Shaffer by letter dated December 5, 1980, that Amoco had been instructed to disregard his submitted Form W–4 until a new form was received and to withhold tax as if he was single claiming no withholding allowances. The Internal Revenue Service (hereinafter "IRS") had found Mr. Shaffer's Form W–4 unacceptable owing to his 1979 tax liability and his anticipated 1980 tax liability. Mr. Chivatero's submitted affidavit reveals that

the plaintiff's reported 1979 income tax liability totaled $2,962.00, such amount satisfied by taxes withheld from his 1979 Amoco salary. The affidavit also stated that Mr. Shaffer's 1980 income tax return had not been filed, no income tax deficiency had been asserted, nor had an assessment been made against him for any unpaid federal income taxes for the 1980 taxable year.

Plaintiff alleged that his action arises under 26 U.S.C. § 6213(a), the Injunctive Relief provisions of Rule 65 of the Federal Rules of Civil Procedure; and 28 U.S.C. Sections 1340 [1] and 1331.[2]

Amoco having adopted the government entities' motion to dismiss, such motion addressed the jurisdictional and procedural issues raised by the case, thereby obviating, indeed, obliterating this Court's jurisdiction to consider the merits of the plaintiff's case. The defendants moved to dismiss the plaintiff's complaint on the following grounds:

(1) The doctrines of sovereign immunity and judicial immunity bar this action against officials of the United States of America.

(2) This Court lacks subject matter jurisdiction in this action.

(3) The Anti-Injunction Act, 26 U.S.C. § 7421 bars the plaintiff's claim for injunctive relief.

(4) The Declaratory Judgment Act, 28 U.S.C. § 2201, bars the plaintiff's claim for declaratory relief.

(5) The complaint fails to state a claim upon which relief can be granted.

As the sovereign immunity doctrine, the Anti-Injunction Act, and the Declaratory Judgment Act serve as dispositive authority mandating dismissal, the Court pretermits consideration of the remaining grounds asserted by defendants. *Lynch v. Polaroid Corp., et al.,* 80–1 USTC ¶ 9191 (D.Mass. 1980), aff'd 627 F.2d 1088 (1st Cir. 1980).

## I. THE ACTION IS BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

With no allegation that the defendants acted in bad faith or outside the scope of their authority, the Court must conclude that the asserted claims against the IRS employee-defendants derive exclusively from their capacities as United States agents. Thus, where the relief sought would be obtained against the sovereign, a suit naming United States officers or agents shall be treated as a suit against the United States. *Larson v. Domestic and Foreign Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Land v. Dollars,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947).

■ The doctrine of sovereign immunity conditions the viability of an action against the United States upon Congress' specific statutory immunity waiver. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *E.E.O.C. v. First National Bank of Jackson,* 614 F.2d 1004 (5th Cir. 1980); *United States v. 5,553.80 Acres of Land, More or Less, Situated in Concordia Parish, State of Louisiana,* 451 F.Supp. 220 (W.D.La.1978). An unequivocal expression of sovereign immunity's waiver, rather than any implication, is necessary. *United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980).

■ The statutory bases asserted by the plaintiff cannot suffice to waive sovereign immunity and therefore provide a valid jurisdictional basis. Sections 1331 and 1340, as general jurisdictional grants for certain actions, cannot sustain the instant action. In a taxpayer's suit concerning the validity of a tax, the court in *Darling v. United States,* 352 F.Supp. 565 (E.D.Cal., 1972) stated: "In their second cause of action [for injunctive relief], plaintiffs assert jurisdiction under

---

1. Section 1340 provides:

   *The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court.*

2. Section 1331 provides, in pertinent part:

   (a) *The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.*

28 U.S.C. Sections 1331 and 1340. These statutes do not, however, waive immunity of the United States from suit, and there is no jurisdiction over the United States unless Congress has consented by statute." See also *A. L. Rowan & Son, General Contractors, Inc. v. Department of Housing and Urban Development*, 611 F.2d 997 (5th Cir. 1980). Neither can Rule 65 of the Federal Rules of Civil Procedure sustain jurisdiction, as it provides for general injunctive relief, without contemplating a sovereign immunity waiver.

The Internal Revenue Code, Section 6213(a),[3] with specified exceptions, covers factual situations in which tax assessment and collection thereof have been made or begun, with the mailing of a statutory deficiency to the taxpayer or while the deficiency's redetermination is being sought before the United States Tax Court. As Mr. Chivatero's affidavit states, neither of these prerequisites for injunctive relief are operative in this case. The plaintiff, therefore, cannot avail himself of § 6213(a)'s provisions negating § 7421(a)'s prohibitions.

Section 7421(a) disallows injunctive relief by providing, in pertinent part:

> Except as provided in Sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or

not such person is the person against whom such tax was assessed.[4]

Without fulfilling the exceptions of § 7421(a), to which the Court is referred by the plaintiff's invocation of § 6213(a), the suit cannot survive the defendants' motion to dismiss.

■ With no proper jurisdictional basis over a suit, a federal district court is under a mandatory duty to dismiss. Accordingly, the Court should not adjudicate the merits of the claim. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146 (5th Cir. 1981). (Court was without jurisdiction to consider a case under the Federal Tort Claims Act when it fell within the bounds of a judicially created exception to the Act).

## II. THE ACTION FOR INJUNCTIVE RELIEF IS BARRED BY 26 U.S.C. § 7421

■ Consideration of the Anti-Injunction Act, 26 U.S.C. § 7421(a), is found in the Supreme Court decisions of *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 292 (1962); rehearing denied, 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833 (1962) and in *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). The latter case enunciated the Act's principal purpose as "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial inter-

**3.** § 6213. Restrictions applicable to deficiencies; petition to Tax Court.

(a) Time for filing petition and restriction on assessment. Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43 or 44 and no levy or proceeding in court for its collection shall be made, begun or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has

become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

**4.** The exceptions to Section 7421 do not apply to the instant case. They deal with cases involving determination of additional deficiencies of income tax and assessments with respect to a taxable year before the Tax Court of the United States (Sections 6212(a) and (c) and 6213(a)); extension of the period for collection of 100 percent penalties (Section 6672(b)); income tax preparers (Section 6694(c)); the wrongful levy against and sale of property to which a non-taxpayer claims an interest (Sections 7426(a) and (b)(1)0); and jeopardy assessments (Section 7429(b)).

ference," which added to the former decision's statement of objective as "to require that the legal right to the disputed sums be determined in a suit for refund." The procedure thus aims at the United States' assurance of its lawful revenue's prompt collection.

In *Enochs v. Williams Packing Co., supra,* the Supreme Court fashioned a limited exception to Section 7421(a)'s seemingly absolute rule prohibiting injunctive relief. The *Enochs* decision conditioned an injunction on tax collection or assessment upon meeting a two-fold test: (1) if it is clear that under no circumstances the United States could ultimately prevail on the merits of the claim and (2) if equity jurisdiction otherwise exists. Otherwise, the District Court has no jurisdiction and must dismiss the complaint. The Court cannot find, under the most liberal view of the law and the facts commanded by *Enochs,* that the United States cannot establish its claim. Furthermore, plaintiff has alleged no facts supporting equity jurisdiction in the instant case. With no showing of irreparable injury or wrongful conduct on defendants' part, the plaintiff cannot avail himself of equitable relief. Moreover, Mr. Shaffer has failed to exhibit facts establishing inadequate legal remedies, to the extent that this bears on the existence of irreparable injury. *United States v. American Friends Service Committee,* 419 U.S. 7, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974). On the contrary, a taxpayer does possess means of redress against the IRS. Despite frustrations and delays resultant of the taxpayer's being restricted to filing an action *after* the taxable year, a taxpayer may file a Tax Court petition, or a refund suit in a federal district court or in the Court of Claims.

*Lynch v. Polaroid Corp. et al., supra,* involved a situation similar to the case at bar. In considering the Anti-Injunction Act, the court stated:

The language is unmistakably clear. Any pre-enforcement review, by a court, of the tax liability of an individual (or individuals) is barred. The court is without jurisdiction to consider such matters. The rationale underlying this provision is self-evident. Section 7421(a) exists to insure the orderly functioning of our revenue system; to provide some measure of stability in the assessment and collection of taxes.

### III. *THE DECLARATORY JUDGMENT ACT PROHIBITS GRANTING THE RELIEF SOUGHT BY PLAINTIFF*

█ In providing for declaratory relief, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* specifically exempts from its coverage controversies "with respect to Federal Taxes."[5] The reasoning applicable to the Anti-Injunction Act applies with equal force to the Declaratory Judgment provisions. The Supreme Court noted in *Bob Jones University v. Simon, supra,* that the Declaratory Judgment Act's federal tax exception is at least as broad as the Anti-Injunction Act. The Court stated, "[t]he congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments." *Id.,* n. 7. See also *McCabe v. Alexander,* 526 F.2d 963 (5th Cir. 1976); *Lynch v. Polaroid Corp. et al., supra.* Moreover, it is well-settled that the statute authorizing declaratory relief does not serve as a waiver of sovereign immunity. *People of the State of California v. Quechan Tribe of Indians,* 595 F.2d 1153 (9th Cir. 1979) (citations omitted). Mr. Shaffer seeks a judicial declaration prohibiting the defendants from proceeding with further activities incident to tax collection or assessment, requesting that the Court determine the propriety of withholding income tax from his salary. The Court has no alternative but to find that the plaintiff's requested relief

5. Section 2201 provides:
   In a case of actual controversy within its jurisdiction, except with respect to Federal Taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any inter-

ested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

falls within the Declaratory Judgment Act's proscription relative to federal taxes.

Accordingly, the Court, for the afore-stated reasons, hereby ORDERS that the defendants' motion to dismiss be GRANT-ED.