**Charles D. SCHAUT; Albert Reich; John Cheek; Norman Krah, and Michael H. Smith, Plaintiffs,**

v.

**UNITED STATES of America and Commissioner of Internal Revenue, Defendants.**

**No. 82 C 2304.**

United States District Court, N.D. Illinois, E.D.

March 8, 1984.

Charles D. Schaut, pro se.

Albert Reich, pro se.

John Cheek, pro se.

Norman Krah, pro se.

Michael H. Smith, pro se.

James Wilkens, Asst. U.S. Atty., Justice Dept., Tax Div., Washington, D.C., for defendants.

MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

*Motion to Dismiss*

Plaintiffs Charles D. Schaut, Albert Reich, John Cheek, Norman Krah and Michael H. Smith bring this action *pro se* against the United States of America and the Commissioner of the Internal Revenue Service alleging that the withholding of taxes from their wages and the payment of these taxes is in violation of the authority granted under the Sixteenth Amendment to the United States Constitution. Plaintiffs seek injunctive and declaratory relief. The Court's jurisdiction is allegedly invoked pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Presently pending before the Court is defendants' motion to dismiss for lack of subject matter jurisdiction. After full review of the memoranda on file, as well as the relevant case law, for the reasons that follow, defendants' motion is granted.

According to the complaint, plaintiffs are all wage earners who are employed within this judicial district and have been subject to both the payment of income taxes and the withholding of taxes from their wages. Plaintiffs claim that wages are not taxable under the Sixteenth Amendment and thus the withholding from and the payment of taxes from their wages violates their Fifth Amendment due process rights. Plaintiffs request that the Court declare that they are not subject to being taxed by the Internal Revenue Code because they are wage earners and thus not subject to income tax provisions. Plaintiffs also request that the Court enjoin defendants from subjecting plaintiffs to withholding taxes.

The defendants have moved to dismiss the complaint on the following grounds:

1. The Doctrine of Sovereign Immunity bars this action;

2. The Court lacks subject matter jurisdiction;

3. The Anti-Injunction Act bars plaintiffs' claim for injunctive relief; and

4. The Declaratory Judgment Act bars plaintiffs' claim for declaratory relief.

## SOVEREIGN IMMUNITY

"It is elementary that '[t]he United States, as a sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.*

■ In the instant action, plaintiffs have failed to assert any statutory provision sufficient to waive sovereign immunity and provide a valid jurisdictional basis. Indeed, plaintiffs' complaint is silent as to a jurisdictional base, except to state that the action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Of course, the Declaratory Judgment Act does not create an independent ground for jurisdiction, but rather permits the award of declaratory relief only when other bases for jurisdiction are present. *Jones v. Alexander,* 609 F.2d 778 (5th Cir.1980), *cert. denied,* 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37; *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950). Nor does the general federal question jurisdictional statute, 28 U.S.C. § 1331, waive sovereign immunity. *Shaffer v. Commissioner of Internal Revenue,* 515 F.Supp. 748 (E.D. La.1981). Additionally, as will be made clear below, both the Anti-Injunction Act and the Declaratory Judgment Act expressly preclude the relief sought by plaintiffs.

## ANTI-INJUNCTION ACT

■ Plaintiffs ask the Court to enter an injunction restraining defendants from subjecting their wages to withholding taxes. 26 U.S.C. § 7421(a), commonly known as the Anti-Injunction Act, provides as follows:

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The principal purpose of the Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for a refund." *Bob Jones University v. Simon,* 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). The Supreme Court has fashioned a limited exception to the Act's rule prohibiting injunctive relief. In *Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Court conditioned an injunction on tax collection or assessment upon meeting a twofold test:

1) if it is clear that under no circumstances the United States could ultimately prevail on the merits of the claim; and 2) if equity jurisdiction otherwise exists. Plaintiffs have not alleged any facts to support equity jurisdiction. There is no showing of irreparable injury or wrongful conduct on defendants' part. *Shaffer*, 515 F.Supp. 748, 752. Nor can this Court say that under no circumstances can the United States ultimately prevail on the merits in this action. Plaintiffs' whole suit is premised upon their theory that wages are not income because the value of their labor is the same as the payment they receive for it, and thus they realize no gain. This argument has repeatedly been held to be without merit. *Rowlee v. Commissioner*, 80 T.C. 1111 (1983); *Reading v. Commissioner*, 70 T.C. 730 (1978), *aff'd.* 614 F.2d 159 (8th Cir.1980); *Grimes v. Commissioner*, 39 T.C.M. 777 (1979). The language of the Act is clear. Subject to specific exceptions not relevant here, any pre-enforcement review, by a court, of the tax liability of an individual or individuals is barred. *Lynch v. Polaroid Corp., et al.*, 80–1 U.S. T.C. ¶ 9191 (D.Mass.1980), *aff'd.* 627 F.2d 1088 (1st Cir.1980). Thus, plaintiffs' suit is barred by the Act.

## DECLARATORY JUDGMENT ACT

 28 U.S.C. § 2201 provides:

In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

(emphasis added). It is clear from the express wording of the Act, that it does not apply to controversies concerning federal taxes. The reasoning applicable to the Anti-Injunction Act applies with equal force to the Declaratory Judgment Act. *Shaffer*, 515 F.Supp. at 752. "The congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments." *Bob Jones University*, 416 U.S. at 732 n. 7, 94 S.Ct. at 2044 n. 7. The relief requested by plaintiffs, a judicial declaration that they are not subject to withholding tax, is clearly prohibited by the plain wording of the Act. Therefore, the Court does not have jurisdiction over plaintiffs' claim.

In summation, the Court concludes that the United States has not waived its sovereign immunity in this action and that plaintiffs' requested relief is barred by both the Anti-Injunction Act and the Declaratory Judgment Act. Accordingly, defendants' motion to dismiss is granted.