John L. CHEEK, Plaintiff,

v.

John DOE, Tom Ludwig and James R. Starkey, Defendants.

No. 85 C 10351.

United States District Court, N.D. Illinois, E.D.

June 16, 1986.

John L. Cheek, pro se.

William F. Murphy, Asst. U.S. Atty., Chicago, Ill., Jeffrey N. Kaplan, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Plaintiff challenges the constitutionality of the income tax and seeks reimbursement for taxes withheld from his wages. The case is before the court on defendants' motion to dismiss and for sanctions.

Plaintiff John L. Cheek received wages from American Airlines in the amount of $67,221.61 in 1983 and $75,145.75 in 1984. In January, 1985, he mailed a claim to defendant James R. Starkey, District Director of the Internal Revenue Service ("IRS"), for the recovery of income taxes of $22,555.48 and social security taxes of $2,532.60 withheld from his wages in 1984. In April, 1985, plaintiff mailed a claim to defendant Thomas Ludwig, an IRS Revenue Agent, for the recovery of income taxes of $2,879.66 and social security taxes of $2,391.90 withheld from his wages in 1983. Plaintiff's claims were never honored; consequently, he filed this suit against Starkey and Ludwig in their individual capacities.

Plaintiff argues that the withholding of income and social security taxes amounted to an unconstitutional taking of property and that his wages are not taxable income. He requests the court to order Starkey and Ludwig to refund the amounts withheld and to assess punitive damages. Defendants move to dismiss the suit and to impose sanctions, costs and attorneys fees against plaintiff.

Because plaintiff sues the defendants as individuals, they must be served with process pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure. Rule 4(d)(1) requires a copy of the summons and complaint to be delivered to the plaintiff personally or left "at his dwelling house or usual of abode with some person of suitable age or discretion" who resides there. Plaintiff did not comply with these requirements, and instead served the complaint by leaving a copy with employees at the IRS district office in Chicago.

Although pro se pleadings are generally held to less stringent standards,

*Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a pro se plaintiff still must properly serve the defendant. *Kiley v. Kurtz*, 533 F.Supp. 465, 467 (D.Co.1982). The fact that defendants may have received actual notice of this suit does not cure insufficient service. *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir.1966). *See also Cameron v. IRS*, 773 F.2d 126 (7th Cir.1985) (affirming dismissal of pro se complaint for insufficient service).

Regardless of the sufficiency of service, however, this case is frivolous on the merits. The constitutionality of the income tax laws, enacted pursuant to the Sixteenth Amendment, has long been established. *Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916); *United States v. Thomas*, 788 F.2d 1250 (7th Cir. 1986). Moreover, the Seventh Circuit has emphatically stated that wages are taxable income. *Granzow v. Commissioner*, 739 F.2d 265, 267 (7th Cir.1984); *United States v. Koliboski*, 732 F.2d 1328, 1328 n. 1 (7th Cir.1984).

■ By signing a complaint, a plaintiff certifies "that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R. Civ.P. 11. Rule 11 is designed to discourage dilatory or abusive tactics and lessen frivolous claims by requiring the court to assess expenses and attorneys fees against litigants, including pro se litigants, who act in bad faith in instituting or conducting litigation. Fed.R.Civ.P. 11, Advisory Committee Note.

■ This circuit has repeatedly recognized the propriety of assessing attorneys fees and costs in cases where parties claim not to owe income taxes or file frivolous tax appeals. *Cameron v. IRS*, 773 F.2d at 129; *Granzow v. Commissioner*, 739 F.2d at 269; *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir.1984). There is no good faith basis for plaintiff's arguments. Sanctions are particularly appropriate here in light of the fact that plaintiff has unsuccessfully raised essentially identical arguments in a previous action before this court. *See Shaut v. United States*, 585 F.Supp. 137 (N.D.Ill.1984).

Defendants seek sanctions in the amount of their costs and attorneys' fees, which total $1,500, and a $10,000 fine. In assessing costs and attorneys' fees against a tax protester nearly two years ago, this circuit warned that "[a]busers of the tax system have no license to make irresponsible demands on the Courts of Appeals to consider fanciful arguments put forward in bad faith. In the future we will deal harshly with frivolous tax appeals and will not hesitate to impose even greater sanctions under appropriate circumstances." *Granzow v. Commissioner*, 739 F.2d at 270. That warning spoke equally to those who file frivolous challenges to the tax system in the District Courts. *See Sloan v. United States*, 621 F.Supp. 1072 (N.D.Ind.1985); *Snyder v. Internal Revenue Service*, 596 F.Supp. 240 (N.D.Ind.1984).

Plaintiff's repeated abuse of the judicial system for the pursuit of frivolous cases entirely justifies the severe sanction sought by the defendants. The motion to dismiss is granted. Plaintiff is ordered to pay the United States $1,500 in costs and attorneys' fees, an amount this court finds reasonable, and $10,000 as a sanction under Rule 11 for bringing this action in bad faith. IT IS SO ORDERED.