**John L. CHEEK, Plaintiff-Appellant,**

v.

**John DOE, Tom Ludwig, and James R. Starkey, Defendants-Appellees.**

**No. 86–2155.**

United States Court of Appeals, Seventh Circuit.

Submitted March 10, 1987.[*]

Decided June 5, 1987.

As Corrected July 10, 1987.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively

John L. Cheek, Elk Grove, Ill., for plaintiff-appellant.

William F. Murphy, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, David English Carmack and Thomas R. Lamons, for defendants-appellees.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

John L. Cheek appeals from the dismissal of his Bivens-type action, *see Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the district court's imposition of an $11,500 sanction under Rule 11 of the Federal Rules of Civil Procedure, 110 F.R.D. 420. For the reasons given, we affirm the dismissal, reduce the amount of the sanction imposed by the district court to $5,000, and impose sanctions of $1,500.

A.

Cheek sued three employees of the Internal Revenue Service: a district director of the IRS in Chicago, an IRS agent in Schaumburg, and an unknown IRS agent "who intimidated [Cheek's employer] into giving plaintiff's compensation for labor, property, to the IRS without constitutional authority." He sought reimbursement of social security taxes and income taxes withheld from his wages by his employer, American Airlines, in 1983 and 1984, of slightly more than $30,000. Cheek's wages as a pilot for American totaled over $140,000 for 1983 and 1984. According to the district court's order, Cheek argued "that the withholding of income and social security taxes amounted to an unconstitutional taking of property and that his wages were not taxable income."

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). The plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

Cheek's complaint was dismissed for failure to properly serve the defendants pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure; Cheek served the defendants by leaving a copy of the complaint with employees at IRS offices rather than at their homes.

The district court noted that Cheek's claim was frivolous on the merits and that there was no good faith basis for his arguments. The court further found that the case was an appropriate one for sanctions because Cheek had "unsuccessfully raised essentially identical claims in a previous action before this court."

### B.

The only nonfrivolous argument raised on appeal concerns the imposition of sanctions.[1] Unfortunately, only two pages of Cheek's 45–page opening brief address this argument.[2] To the extent that he does address the issue, he incorrectly maintains that Rule 11 does not permit the imposition of a "penalty" other than reasonable expenses, including attorney's fees, and that he has an absolute right, through the medium of this lawsuit, to petition the government for the redress of grievances.

■ First, the language of Rule 11 itself permits the imposition of "an appropriate sanction," while the Advisory Committee Notes indicate that the rule is designed to punish and deter frivolous suits and to discourage dilatory and abusive tactics. We have previously stated that a fine may be an appropriate sanction, *Glick v. Gut-brod*, 782 F.2d 754, 756 n. 3 (7th Cir.1986); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 177–78 (7th Cir.1985), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986), and *pro se* litigants are not exempt. Fed. R.Civ.P. 11 (applies to attorneys and parties); *Reis v. Morrison*, 807 F.2d 112 (7th Cir.1986). Second, as we have previously held, "there is no constitutional right to bring frivolous lawsuits." *Coleman v. Commissioner of Internal Revenue*, 791 F.2d 68, 72 (7th Cir.1986), [quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983)].

The point which gives us pause here is the amount of the sanction imposed, $11,-500 (including an award of $1,500 for costs and attorney's fees). We are also concerned by the lack of reasons supplied by the district court for imposing such an admittedly severe sanction; apparently the court gave great weight to the fact that Cheek had raised similar claims in an earlier suit, *Schaut v. United States*, 585 F.Supp. 137 (N.D.Ill.1984).[3]

The district court's determination of an appropriate sanction should not be disturbed absent an abuse of discretion, *Hilgeford*, 776 F.2d at 179; *In re TCI Limited*, 769 F.2d 441 (7th Cir.1985); however, we conclude that the district judge abused his discretion by imposing such severe sanctions against a *pro se* litigant, particularly without a sufficient statement of reasons.

■ In arguing that the fine was not an abuse of discretion, the government points

---

1. Cheek maintains that defendants were properly served, yet his own brief indicates that he delivered copies of the complaint to IRS offices in Chicago and Schaumburg and the U.S. Attorney's office in Chicago.

2. In reply, Cheek cites *Donaldson v. Clark*, 786 F.2d 1570 (11th Cir.1986), an Eleventh Circuit case requiring a court imposing a fine as a Rule 11 sanction to follow the procedures (notice of conduct subject to sanction, time to prepare a defense, and a hearing) required in criminal contempt proceedings under Fed.R.Crim.P. 42(b). *See also, Cotner v. Hopkins*, 795 F.2d 900 (10th Cir.1986) (Rule 42(b) protections required where failure to comply with court order partly responsible for imposition of sanctions). How-

ever, the *Donaldson* opinion has been vacated, pending rehearing *en banc*. *Donaldson v. Clark*, 794 F.2d 572 (11th Cir.1986). In fact Cheek did respond to the government's motion for costs, attorney's fees, and sanctions.

3. In *Schaut v. United States*, Cheek was one of five plaintiffs seeking injunctive and declaratory relief, claiming wages are not taxable under the Sixteenth Amendment and thus withholding and payment of taxes with respect to wages violated their Fifth Amendment due process rights. Although *Schaut* was decided on other grounds, the district court expressly noted that the plaintiffs' wages are not income argument "has repeatedly been held to be without merit." 585 F.Supp. at 139.

to a number of relevant factors. An intent to harass may be inferred from the fact that Cheek sued employees of the IRS in their individual capacities. Cheek, as the judge noted, had previously raised and lost similar claims. The government also calls our attention to the fact that taxpayers who press frivolous claims in Tax Court may be assessed fines of up to $5,000 under 26 U.S.C. § 6673, maintaining that a substantial fine is necessary to deter Cheek from filing similar suits, and $10,000 is not unreasonable given Cheek's annual income. (The government asked for this amount.) While these factors may justify the imposition of sanctions, we note as an initial matter that they come after the fact, and with the exception of a reference to the previous suit, were apparently not relied on by the district court. Moreover, we find these factors not sufficiently compelling to justify the unprecedented amount imposed.[4] Absent other factors not present here, the $11,500 sanction imposed constitutes an abuse of discretion. We regard $5,000, the maximum amount the Tax Court has the authority to impose as a penalty, as suggesting the maximum sanction appropriate in a case of this kind. *See Coleman,* 791 F.2d at 70 (affirming Tax Court penalty of $5,000). We are inclined to adhere to this amount as a ceiling on penalties to be imposed by the district courts in cases of this sort absent the most extraordinary circumstances (which are not present here). Nor do we intend to suggest in any way that $5,000 is to be routinely or regularly imposed in similar cases, whether *pro se* or not. In fact, $5,000 is much more than has ever before been imposed in this circuit in this sort of case. But we also hasten to add that we reserve the right in the future to approve the assessment of whatever damages may become necessary to protect the judicial system against serious abuse, should the public interest demand. For the present we think $5,000 is enough—even in egregious cases like this one.

### C.

■ The government has asked us to impose sanctions for the bringing of this frivolous appeal. Sanctions under Rule 38 may be awarded where the appeal is both frivolous and an appropriate case for sanctions; because this case meets both criteria, we impose sanctions in the amount of $1,500 in lieu of costs and attorney's fees. *See Coleman,* 791 F.2d at 73. There can be little doubt that this is a frivolous appeal, *id.* at 72; *Cameron v. IRS,* 773 F.2d 126, 129–30 (7th Cir.1985), notwithstanding the fact that one nonfrivolous issue was raised.[5] *Granado v. Commissioner of Internal Revenue,* 792 F.2d 91, 94 (7th Cir. 1986) (argument that wages are not income justifies imposition of sanctions even though one nonfrivolous argument is also raised), *cert. denied,* — U.S. —, 107 S.Ct. 1378, 94 L.Ed.2d 692 (1987). Cheek could presumably have brought a nonfrivolous appeal of the propriety of the fine and its amount. But as we have said, the bulk of his brief on appeal is devoted to such arguments as wages are not income, the Sixteenth Amendment was improperly ratified, and the social security and income taxes are unconstitutional takings. There can be equally little doubt that this is an appropriate case for sanctions. Despite the rejection of similar arguments in previous litigation and below, Cheek has insisted on pressing them on appeal. Further, his efforts to distinguish the authority relied on by the district court and the government indicate that he is at least passing familiar with our holdings in this area. Thus, notwithstanding that we reduce the sanction imposed below to $5,000, we also impose

---

**4.** Cheek is not a stranger to this court. In *Cheek v. IRS,* 703 F.2d 271 (7th Cir.1983), he sued the Internal Revenue Service and its agents under the Privacy Act and the Freedom of Information Act. In *Cheek v. Beck,* 805 F.2d 1038 (7th Cir. 1986) (unpublished order), *cert. denied,* — U.S. —, 107 S.Ct. 1605, 94 L.Ed.2d 791, he sued Cook County officials for payment, in gold or silver, for his service as a juror in Cook County. He was not sanctioned in either suit.

**5.** If indeed Cheek can be said to have placed in issue the *amount* of the Rule 11 sanction. His argument that a penalty, in addition to attorney's fees and costs, may not be awarded under Rule 11 is frivolous.

sanctions of $1,500 for the bringing of this frivolous appeal.

The decision of the district court is affirmed in part and reversed in part.