**Ben PFEIFER, Plaintiff,**

v.

**Anton R. VALUKAS, Janet Norfleet, Ruth Georgieff, Sears Roebuck and Company, H & R Block, Inc., Trans Union Credit Information Co., West Publishing Co., Little Brown & Co., and the MacMillan Publishing Co., Defendants.**

**No. 87 C 5679.**

United States District Court, N.D. Illinois, E.D.

Nov. 2, 1987.

Ben Pfeifer, pro se.

Elizabeth M. Landes, Asst. U.S. Atty., U.S. Dept. of Justice, Chicago, Ill., for defendants.

Hal R. Morris, Michael A. Stiegel, Arnstein, Gluck, Lehr & Milligan, Chicago, Ill., for defendants Sears Roebuck and Co., H & R Block, Inc., Trans Union Credit Information Co., West Pub. Co., Little Brown & Co., and The MacMillan Pub. Co.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Defendants Sears, Roebuck and Co., H & R Block, Inc., West Publishing Company, Little Brown & Co., and MacMillan Publishing Company ("the corporate defendants") have filed a motion for sanctions and injunctive relief.[1] For the reasons set forth below, their motion for sanctions is granted and their motion for injunctive relief is denied. ·

### I. FACTS

On June 1, 1987, plaintiff, Ben Pfeifer, a *pro se* litigant, filed a document which purported to be a complaint in the Circuit Court of Cook County, Illinois. This complaint consisted of approximately 300 rambling and unintelligible pages.

On June 25, 1987, defendant Valukas filed a petition for removal pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

On June 29, 1987, the corporate defendants and defendants Valukas, Norfleet and Georgieff ("the federal defendants") filed separate motions to dismiss pursuant to Rules 8(a), 8(e), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure.

On August 6, 1987, this Court dismissed this "cause of action" with prejudice as a result of plaintiff's failure to comply with these various federal pleading rules. The complaint was neither "short" nor a "plain statement" of any claim within the meaning of Rule 8(a). Fed.R.Civ.P. 8(a). Nor were the averments of the "complaint"

---

1. Defendant Trans Union Credit Information Co. did not file a motion to dismiss until after this Court had dismissed this action with preju-

dice. Consequently, Trans Union's motion to dismiss was denied as moot.

"simple, concise or direct," as required by Rule 8(e). Fed.R.Civ.P. 8(e). Needless to say, plaintiff did not set forth each averment in separate numbered paragraphs, as required by Rule 10(b). Fed.R.Civ.P. 10(b). Instead, the "complaint" consisted of photocopied excerpts from the Constitution, statutes, treaties, treatises, case law and law review articles, which failed to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6).

On September 10, 1987, the corporate defendants filed a joint motion pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1651 seeking an order imposing sanctions against plaintiff and enjoining plaintiff from filing any further suits without leave of court. During this court appearance, plaintiff appeared *pro se* and the Court admonished plaintiff to retain counsel to prepare a response to the motion for sanctions.

On September 17, 1987, plaintiff, still *pro se,* filed a response to the corporate defendants' motion for sanctions. In his response, plaintiff has given new meaning to the legal phrase "weight of authority." The response, unintelligible as always, consisted of three documents. The largest document measured 17 inches by 11 inches and was 2 inches thick. The second and third parts of the response were another 2

inches and ¾ of an inch thick, respectively, but were no less unintelligible. This three-volume response contained references to the Constitution, the Bible (King James Version), Ballentine's Law Dictionary, the Congressional Record, the United States Code, case reports, Iowa Law Review, Stanford Law Review, Columbia Law Review, Harvard Law Review, excerpts of various pleadings, and a rather unflattering photograph of Leon Jaworski, Esquire. In addition, each page of the largest volume (for reasons known only to the plaintiff) bore a fascimile of John Hancock's signature.

Based on the record before the Court, this is not the first frivolous case filed by plaintiff.[2] He apparently has never experienced the joy of victory in *pro se* litigation, but is familiar with the agony of defeat on a repeated basis in both federal and state forums.

## II. DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides that where an attorney or a party files pleadings that are not reasonably based on the law or in fact, or are meant to harass, sanctions are appropriate for expenses incurred, including attorney's fees.[3] The Seventh Circuit has recently

---

**2.** Plaintiff's litigation career commenced long ago and includes the following cases:
1. *Pfeifer, et al. v. United States Government, et al.,* No. 72 C 1736;
2. *Pfeifer, et al. v. Bell and Howell Company, et al.* No. 73 C 580;
3. *Louis Alexander, Ben Pfeifer, et al. v. United States Government, et al.* No. 73 C 1399;
4. *Pfeifer, et al. v. James O. Miller, et al.* No. 73 L 4628 (Circuit Court of Cook County);
5. *R.W. Borrowdale, et al. v. United States Government, et al.* No. 73 C 1668;
6. *Pfeifer, et al. v. The Bell & Howell Company, et al.* No. 74 C 1649;
7. *Pfeifer v. American Bar Association, et al.* No. 86 C 510.

Many of these cases were initially filed in state court and subsequently removed to this Court. Undaunted by the orders of dismissal consistently entered on the district court level, plaintiff appealed most of these cases to the Seventh Circuit. He was predictably unsuccessful. Despite his track record, he also pursued some of these matters on appeal to the United States Supreme Court, where certiorari was denied. *See generally, Pfeifer, et al. v. The Bell & Howell Company, et al.,* No. 74 C 1649 (N.D.Ill. Oct. 23,

1974) (wherein Judge Will discusses in more detail the history of many of these cases).

**3.** Rule 11 provides in relevant part:
The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, or represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
Fed.R.Civ.P. 11.

adopted a two-step analysis to be used in evaluating the propriety of imposing sanctions under Rule 11. *See Brown v. Federation of State Medical Bds. of the United States*, 830 F.2d 1429, 1438 (7th Cir.1987). In *Brown*, the court recommended that the district courts (1) specify their reasons for finding that a party's conduct is sanctionable and (2) fashion a sanction which appropriately serves the purposes underlying Rule 11, including details as to how monetary sanctions are computed.

### A. Plaintiff's Sanctionable Conduct

Rule 11 provides two grounds for sanctions. The first ground concerns frivolous litigation. *Brown*, at 1435. For purposes of Rule 11, litigation is deemed "frivolous" where a party or his attorney fails to make a reasonable inquiry into the facts or the law. *Id.* Failure to make either inquiry gives rise to a violation of Rule 11 under the "frivolousness" clause. *Id.* The second ground, generally coined the "improper purpose clause," encompasses litigation brought for purposes of harassment or delay. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831–32 (9th Cir.1986). One of the hallmarks of litigation instituted for an "improper purpose" is the repeated pursuit of implausible claims. *Id.* at 832. Imposing sanctions on either of these grounds requires an objective determination of whether a party's conduct was reasonable under the circumstances. *See Dreis & Krump Mfg. v. International Ass'n. of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986).

■ In this case, we specifically find that when evaluated by objective standards, plaintiff violated both clauses of Rule 11 in filing his complaint. First, plaintiff's complaint can easily be characterized as "frivolous." It is obvious on its face that the complaint is unintelligible and one can readily infer that plaintiff failed to conduct a *reasonable* inquiry into the facts or the law. Indeed, the complaint is barren of any factual foundation whatsoever. The defendants, whose connection with this lawsuit escapes this Court, appear to have been randomly named. While we concede that plaintiff made some sort of general inquiry into the law (as evidenced by the plethora of law cited by him), this inquiry cannot fairly be characterized as reasonable.

Plaintiff's history of filing frivolous claims against many of these defendants also dictates the conclusion that this lawsuit was instituted for an "improper purpose." As previously noted in this opinion, plaintiff has persistently, but unsuccessfully, attempted to litigate some of these issues before. *See Pfeifer v. American Bar Association*, No. 86 C 510 (N.D.Ill. April 18, 1986) (involving at least three of the *same* defendants named in the instant suit). From what this Court is able to discern, in this complaint, plaintiff appears to argue that the various federal income tax laws are unconstitutional. This argument, obviously implausible, reaches far beyond an argument for "legal evolution." *See Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir.1987). Thus, plaintiff's conduct can only be interpreted as harassment.

We fully recognize that plaintiff has proceeded *pro se* from the inception of this litigation. *Pro se* litigants, however, are not immune from sanctions. *Cheek v. Doe*, 828 F.2d 395, 397 (7th Cir.1987); *see also Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir.1985), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986). Plaintiff's *pro se* status does not grant him an unfettered license to wage an endless campaign of harassment against these defendants or to abuse the judicial process. Nor does it relieve him of the duty to conduct the inquiries required by Rule 11.

### B. Nature of Sanctions

■ The courts have consistently recognized monetary sanctions as "appropriate" under Rule 11. *See Cheek*, 828 F.2d at 397 (citing other cases). This case is no exception. The corporate defendants have filed an affidavit and an itemized billing memorandum which indicate that $3,226.03 in

attorneys' fees and costs have been incurred in defending this frivolous action. After reviewing these materials, we conclude that the attorneys' fees charged and the costs expended are reasonable and customary based upon the time devoted to defending this action, as well as the experience, reputation, and the ability of the attorneys who performed the necessary legal services.

In view of plaintiff's egregious conduct, we believe that requiring him to pay these attorneys' fees and costs will promote the dual purposes of Rule 11. Such a sanction not only will compensate the corporate defendants for their fees and expenses in defending this frivolous litigation, but will also deter plaintiff and others from instituting baseless litigation and abusing judicial resources.

At the same time, this sanction will not create undue hardship for plaintiff. The amount assessed is fair and reasonably proportional to the sanctionable conduct. Although we have no statement reflecting plaintiff's net worth, we note that he never filed a petition to proceed *in forma pauperis* and was obviously able to afford the filing fees and costs of pursuing this frivolous action. In addition, once admonished to retain counsel to respond to this motion, plaintiff never advised the Court that he could not afford counsel. Nor did he, in his response, claim that he lacked the ability to pay monetary sanctions, if awarded.

Plaintiff has proffered no other equitable arguments weighing against imposing monetary sanctions in this case. Consequently, this Court orders the plaintiff to pay to the corporate defendants the sum of $3,226.03.

### C. Injunctive Relief

 This Court declines to permanently enjoin the plaintiff from filing further litigation without obtaining leave of court. Several factors militate against the issuance of such an injunction. First, the injunction constitutes a drastic remedy which the courts have used sparingly. *See, e.g., In re Martin–Trigona,* 737 F.2d 1254, 1256 (2d Cir.1984), *cert. denied,* 474 U.S.

1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986) (where litigant filed "*hundreds* of lawsuits, motions and miscellaneous pleadings, all but a small fraction of which lack[ed] any merit whatsoever") (emphasis supplied). Second, such a remedy should only be invoked where other less drastic measures have failed. *See English v. Cowell,* 117 F.R.D. 128, 131 (C.D.Ill.1987) (where, in issuing injunction against *pro se* litigant, the court noted litigant's failure to comply with previous orders imposing monetary sanctions); *see also Brown,* at 1437 (where the court noted that the least severe sanction adequate to serve the purpose of Rule 11 should be imposed). Since there is no evidence in the record before us that monetary sanctions have been assessed against the plaintiff on previous occasions and have proved unsuccessful, we believe there is no basis for issuing an injunction in this case. Finally, in our opinion, the monetary sanction we have elected to assess against the plaintiff will adequately convey to him (and others) that this Court takes Rule 11 very seriously and that further infractions could result in the imposition of more severe sanctions in the future.

### III. CONCLUSION

For the reasons set forth in this opinion, the corporate defendants' motion for sanctions is granted and their motion for injunctive relief is denied. Pursuant to Rule 11, the plaintiff is ordered to pay to the corporate defendants the sum of $3,226.03 by delivering a certified check in that amount to the corporate defendants' law firm, Arnstein, Gluck, Lehr & Milligan within 30 days of the date of this order.

IT IS SO ORDERED.