[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT

 

No. 97-1343

 SPECIALIZED PLATING, INC. AND PETER D. PREVETT,

 Plaintiffs, Appellants,

 v.

 FEDERAL ENVIRONMENTAL SERVICES, INC., ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge] 

 

 Before

 Selya, Boudin and Lynch,

 Circuit Judges. 

 

 Peter D. Prevett on brief pro se. 

 

 October 14, 1997

 

 Per Curiam. Attorney Peter D. Prevett appeals from the Per Curiam. 

imposition of a sanction in the amount of $5,250, payable to the

court.1 In a previous unpublished opinion, Specialized Plating, 

Inc. v. Federal Environmental Servs., Inc., No. 97-1343, slip op. 

(1st Cir. July 22, 1997) (per curiam), we retained jurisdiction

and remanded for a more detailed explanation of the basis for the

monetary sanction. In response, the district court filed a

Report dated August 25, 1997. In the Report, the district court

identified two purposes underlying the monetary sanction: "to

reimburse the taxpayers for the abuse of the judicial system" and

"to deter Mr. Prevett from further abuse." Prevett filed a

supplemental memorandum challenging the district court's

reasoning and findings in various respects.

 We do not dwell on the merits other than to say that we

credit the findings contained in the Report and conclude that a

monetary sanction is appropriate to deter repetition of the

conduct which the district court found to be unacceptable. See 

supra note 1. We turn, then, to the size of the sanction. 

 Appellate review of the size of a monetary sanction is

for abuse of discretion. In that regard, "When the district

court settles upon a monetary sanction and fixes a dollar amount,

a reviewing tribunal should defer, within broad limits, to the

  

 1The district court apparently imposed the sanction pursuant
to Fed. R. Civ. P. 16(f). The incident giving rise to the
sanction occurred when the attorney failed to appear for a
scheduled bench trial (without any satisfactory excuse). The
court sanctioned him as a condition of vacating the ensuing
dismissal.

 2

district court's exercise of its informed discretion.

Nevertheless, the court of appeals must be careful not merely to

`rubber-stamp the decisions of the district court.' Appellate

review of the appropriateness of a sanction cannot be allowed to

deteriorate into a perfunctory ritual." Navarro-Ayala v. Nunez, 

968 F.2d 1421, 1426 (1st Cir. 1992) (citation omitted).

 A monetary penalty payable to the court is a suitable

sanction for a Rule 16(f) violation that interferes with the

court's management of its docket. See Jones v. Winnepesaukee 

Realty, 990 F.2d 1, 5 (1st Cir. 1993). Still, we think that 

Prevett raises a valid question as to the amount of the impost in

this instance.

 In assessing the reasonableness of a sanction,

"proportionality is often a proxy for appropriateness." Navarro- 

Ayala, 968 F.2d at 1427. In such purlieus, it is important that 

"the punishment should be reasonably suited to the crime."

Anderson v. Beatrice Foods Co., 900 F.2d 388, 395 (1st Cir. 

1990). With due respect for the district court's considerable

discretion, we find the imposition of a $5,250 fine in this case

to be substantially disproportionate and, therefore, excessive.

We explain briefly.

 We believe that we must evaluate the sanction

principally from the standpoint of deterrence.2 It is settled
  

 2While a district court may sometimes tie a monetary
sanction to specific non-court costs that bear a direct
relationship to sanctionable misconduct, see, e.g., Eash v. 
Riggins Trucking, Inc., 757 F.2d 557, 560 (3d Cir. 1985) (en 
banc), the district court here used an approach to such costs

 3

that a "monetary sanction aimed at deterrence is appropriate only

when the amount of the sanction falls within the minimum range

reasonably required to deter the abusive behavior." Navarro- 

Ayala, 968 F.2d at 1427; accord In re Kunstler, 914 F.2d 505, 523 

(4th Cir. 1990). Here, given Prevett's representations about the

extent of his law practice, there is no reason to believe that a

sum somewhat smaller than $5,250 would not be a fully effective

deterrent. As in Navarro-Ayala, "[t]he violation deserved 

punishment, but the sting of the lash could have been

communicated emphatically through a more modest penalty." 968

F.2d at 1428.

 Where, as here, a monetary sanction, viewed as a

vehicle for deterrence against the backdrop of the record as a

whole, is excessive in amount, we have a choice of anodynes. We

may, of course, remand to permit the district court to refigure

the amount of the sanction, but we are not constrained to follow

such a course. See id. (citing Coats v. Pierre, 890 F.2d 728, 

734 (5th Cir. 1989), and Cheek v. Doe, 828 F.2d 395, 398 (7th 

Cir. 1987) (per curiam)). In this instance, the record on appeal

is reasonably complete and too much judicial time has already

been spent on counsel's regrettable lapse. Accordingly, this may

properly be classified as a case in which an appellate court,

rather than remanding, ought simply to recast the amount of the

sanction. Believing, as we do, that an amount of $1,000 "stands

  

that we find problematic. We therefore concentrate on the
district court's alternative ground: deterrence.

 4

at the outer periphery of permissible sanctions in this case,"

Navarro-Ayala, 968 F.2d at 1428, we reduce the amount of the 

sanction from $5,250 to $1,000.

 We need go no further.3 We affirm the imposition of a

monetary sanction payable to the court, but reduce the amount of

the sanction to $1,000.

 Affirmed as modified. No costs. Affirmed as modified. No costs. 

  

 3Prevett's request for rescission of the so-called
"answering service" sanction is moot because that requirement is
no longer in effect.

 5