USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 97-1343 SPECIALIZED PLATING, INC. AND PETER D. PREVETT, Plaintiffs, Appellants, v. FEDERAL ENVIRONMENTAL SERVICES, INC., ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ _________________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ _________________________ Peter D. Prevett on brief pro se. ________________ _________________________ October 14, 1997 _________________________ Per Curiam. Attorney Peter D. Prevett appeals from the Per Curiam. __________ imposition of a sanction in the amount of $5,250, payable to the court.1 In a previous unpublished opinion, Specialized Plating, ____________________ Inc. v. Federal Environmental Servs., Inc., No. 97-1343, slip op. ____ __________________________________ (1st Cir. July 22, 1997) (per curiam), we retained jurisdiction and remanded for a more detailed explanation of the basis for the monetary sanction. In response, the district court filed a Report dated August 25, 1997. In the Report, the district court identified two purposes underlying the monetary sanction: "to reimburse the taxpayers for the abuse of the judicial system" and "to deter Mr. Prevett from further abuse." Prevett filed a supplemental memorandum challenging the district court's reasoning and findings in various respects. We do not dwell on the merits other than to say that we credit the findings contained in the Report and conclude that a monetary sanction is appropriate to deter repetition of the conduct which the district court found to be unacceptable. See ___ supra note 1. We turn, then, to the size of the sanction. _____ Appellate review of the size of a monetary sanction is for abuse of discretion. In that regard, "When the district court settles upon a monetary sanction and fixes a dollar amount, a reviewing tribunal should defer, within broad limits, to the  ____________________ 1The district court apparently imposed the sanction pursuant to Fed. R. Civ. P. 16(f). The incident giving rise to the sanction occurred when the attorney failed to appear for a scheduled bench trial (without any satisfactory excuse). The court sanctioned him as a condition of vacating the ensuing dismissal. 2 district court's exercise of its informed discretion. Nevertheless, the court of appeals must be careful not merely to `rubber-stamp the decisions of the district court.' Appellate review of the appropriateness of a sanction cannot be allowed to deteriorate into a perfunctory ritual." Navarro-Ayala v. Nunez, _____________ _____ 968 F.2d 1421, 1426 (1st Cir. 1992) (citation omitted). A monetary penalty payable to the court is a suitable sanction for a Rule 16(f) violation that interferes with the court's management of its docket. See Jones v. Winnepesaukee ___ _____ _____________ Realty, 990 F.2d 1, 5 (1st Cir. 1993). Still, we think that ______ Prevett raises a valid question as to the amount of the impost in this instance. In assessing the reasonableness of a sanction, "proportionality is often a proxy for appropriateness." Navarro- ________ Ayala, 968 F.2d at 1427. In such purlieus, it is important that _____ "the punishment should be reasonably suited to the crime." Anderson v. Beatrice Foods Co., 900 F.2d 388, 395 (1st Cir. ________ ___________________ 1990). With due respect for the district court's considerable discretion, we find the imposition of a $5,250 fine in this case to be substantially disproportionate and, therefore, excessive. We explain briefly. We believe that we must evaluate the sanction principally from the standpoint of deterrence.2 It is settled  ____________________ 2While a district court may sometimes tie a monetary sanction to specific non-court costs that bear a direct relationship to sanctionable misconduct, see, e.g., Eash v. ___ ____ ____ Riggins Trucking, Inc., 757 F.2d 557, 560 (3d Cir. 1985) (en _______________________ banc), the district court here used an approach to such costs 3 that a "monetary sanction aimed at deterrence is appropriate only when the amount of the sanction falls within the minimum range reasonably required to deter the abusive behavior." Navarro- ________ Ayala, 968 F.2d at 1427; accord In re Kunstler, 914 F.2d 505, 523 _____ ______ ______________ (4th Cir. 1990). Here, given Prevett's representations about the extent of his law practice, there is no reason to believe that a sum somewhat smaller than $5,250 would not be a fully effective deterrent. As in Navarro-Ayala, "[t]he violation deserved _____________ punishment, but the sting of the lash could have been communicated emphatically through a more modest penalty." 968 F.2d at 1428. Where, as here, a monetary sanction, viewed as a vehicle for deterrence against the backdrop of the record as a whole, is excessive in amount, we have a choice of anodynes. We may, of course, remand to permit the district court to refigure the amount of the sanction, but we are not constrained to follow such a course. See id. (citing Coats v. Pierre, 890 F.2d 728, ___ ___ _____ ______ 734 (5th Cir. 1989), and Cheek v. Doe, 828 F.2d 395, 398 (7th _____ ___ Cir. 1987) (per curiam)). In this instance, the record on appeal is reasonably complete and too much judicial time has already been spent on counsel's regrettable lapse. Accordingly, this may properly be classified as a case in which an appellate court, rather than remanding, ought simply to recast the amount of the sanction. Believing, as we do, that an amount of $1,000 "stands  ____________________ that we find problematic. We therefore concentrate on the district court's alternative ground: deterrence. 4 at the outer periphery of permissible sanctions in this case," Navarro-Ayala, 968 F.2d at 1428, we reduce the amount of the _____________ sanction from $5,250 to $1,000. We need go no further.3 We affirm the imposition of a monetary sanction payable to the court, but reduce the amount of the sanction to $1,000. Affirmed as modified. No costs. Affirmed as modified. No costs. ____________________ _________  ____________________ 3Prevett's request for rescission of the so-called "answering service" sanction is moot because that requirement is no longer in effect. 5