# BIRKS–HALYARD CORPORATION, Plaintiff,

v.

# UNITED STATES of America and Lawrence M. Phillips, Defendants.

## Civ. A. No. 82–C–458.

United States District Court, E. D. Wisconsin.

May 3, 1982.

Robert W. Roth, Brookfield, Wis., for plaintiff.

Joseph Stadtmueller, U. S. Atty. by Melvin K. Washington, Asst. U. S. Atty., Milwaukee, Wis., and Nelson E. Shafer, Internal Revenue, Midwest Region, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff has filed a complaint that seeks to have this Court enjoin the United States from collecting $195,932.08 in withholding taxes and penalties that the Internal Revenue Service has claimed due pursuant to a Notice of Levy. The plaintiff has moved for a temporary restraining order and an evidentiary hearing for a preliminary injunction. This Court must deny the plaintiff's motion and dismiss the complaint for lack of jurisdiction.

The plaintiff's complaint alleges the following facts: plaintiff corporation is a building contractor handling various large construction contracts in Southeastern Wisconsin. In November, 1980, the plaintiff's bid of approximately $1,060,000 was accepted for concrete work on the Milwaukee Redevelopment Project, commonly known as the Plankinton Arcade Mall. The contract was let by the owner of the project, the Milwaukee Redevelopment Corporation.

The plaintiff alleges that the workers contracted to execute plaintiff's bid on the

Milwaukee Redevelopment Corporation's projects were employees of the Milwaukee Redevelopment Corporation, in that the Milwaukee Redevelopment Corporation, through their agent, Morse Diesel Corporation, exercised control both as to what services should be performed and as to how they should be performed. Additionally, plaintiff alleges that these workers were employees of the Milwaukee Redevelopment Corporation by virtue of the Milwaukee Redevelopment Corporation's control over the payment of wages for these services.

The plaintiff has paid to the United States Government approximately one hundred thousand dollars ($100,000.00) in withholding taxes which are the subject of a claim for refund at this time. In addition, the United States Government has demanded payment of $195,932.08 for additional withholding taxes and penalties claimed due pursuant to a Notice of Levy. Simultaneously, the IRS has also served Notice of Levy on the Milwaukee Redevelopment Corporation demanding that that corporation pay the $195,932.08 of withholding taxes. Plaintiff alleges that permitting this erroneous collection effort by the IRS will lead to the imminent destruction of the plaintiff's business.

At the oral argument heard on Thursday, April 22, 1982, on plaintiff's motion for a temporary restraining order, the plaintiff's attorney represented to the Court that the paychecks issued to the workers were drawn on an account of Birks-Halyard. He further represented that Birks-Halyard paid the unemployment benefits and workers' compensation insurance for the workers.

Suits to enjoin the collection of taxes are prohibited by 26 U.S.C. § 7421, with certain specified exceptions not here applicable. Plaintiff claims that the facts of this case provide such "special, extraordinary and exceptional circumstances so as to constitute an exception" to this section under *Miller v. Standard Nut Margarine Co.*, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932). This Court disagrees.

The *Standard Nut* rule was clarified by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), a case with facts very close to those presented in this case. Plaintiff in *Enochs* disclaimed responsibility for social security and unemployment taxes, arguing that no employer-employee relationship existed. There too, the corporation alleged that collection of the taxes would destroy the business. The Court held that regardless of any irreparable injury, § 7421(a) barred any suit for an injunction in that case.

The Court explained the purpose of § 7421(a) and the application of the *Standard Nut* rule:

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the *Nut Margarine* case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. . . .

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." 370 U.S. at 7, 82 S.Ct. at 1129 (footnote deleted).

In this action, the Court cannot conclude that "under the most liberal view of the law and the facts, the United States cannot establish its claim." The Court in *Enochs* did state that "in general, the Act prohibits suits for injunctions barring the collection

of federal taxes when the collecting officers have made the assessment and claim that it is valid." 370 U.S. at 8, 82 S.Ct. at 1129. In this case, the IRS has issued two notices of levy, and it is apparent that *both* cannot be valid. It is not apparent that the notice of levy against the plaintiff cannot be valid. Nor is it apparent that the IRS is prohibited from issuing more than one notice of levy for the same tax when there is a legitimate legal possibility that any of those persons levied against may be responsible for the tax. Under these circumstances, the Court concludes that it does not have jurisdiction to entertain this action.

THEREFORE, IT IS ORDERED that the plaintiff's motion for a temporary restraining order is denied, and that this action is dismissed.