George SUTHERLAND, et al., Plaintiff,

v.

Roscoe L. EGGER, as Commissioner of Internal Revenue for the United States of America and Consolidated Rail Corporation, Defendants.

Civ. A. 83–1352.

United States District Court,
W.D. Pennsylvania.

Dec. 11, 1984.

David A. Jones, Aloysius F. Mahler, Pittsburgh, Pa., David S. Fortney, Philadelphia, Pa., for plaintiff.

Will E. McLeod, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM

McCUNE, District Judge.

The plaintiffs in this suit are former employees of the co-defendant, Consolidated Rail Corporation (CONRAIL), who accepted a lump sum payment of up to $25,000.00 from CONRAIL as an incentive to elect early retirement.

At issue is whether the IRS may tax this lump sum as ordinary income within the calendar year it is received and whether CONRAIL may lawfully withhold a portion of the sum as if earned as wages.

It is the plaintiff's contention that the language of the Northeast Rail Service Act of 1981 which states:

> ... any termination allowance received under § 797(a) of this title shall be considered compensation solely for purposes of—
>
> (1) the Railroad Retirement Act of 1974 ... and
>
> (2) determining the compensation received by such employee in any base year under the Railroad Unemployment Insurance Act ...,

45 U.S.C. § 797d(b), specifically excludes the severance payments from gross income.

The defendants [1] argue, however, that this court may not reach the merits of this

---

1. Although CONRAIL did not formally join in the United States' motion to dismiss, it did raise the jurisdiction issue as an affirmative defense in its answer to the plaintiffs' complaint. Therefore any reference to "defendants" in this

claim since it lacks subject matter jurisdiction. They therefore have moved to dismiss the complaint.

For the reasons stated below the defendants' motion to dismiss will be granted.

### Procedural History

Plaintiffs initiated suit by filing a complaint on June 28, 1983. The complaint alleged jurisdiction under 28 U.S.C. § 1346(a)(1) (civil action for recovery of tax erroneously collected) and § 1346(e) (civil action pursuant to 26 U.S.C. § 7426 [action by person other than taxpayer for wrongful levy]).

The plaintiffs sought certification of a class action and relief in the form of a declaratory judgment directing the federal income tax on the lump sum distribution to be apportioned over a period of 20 years, and injunctive relief directing the IRS to refund the excess tax collected and CONRAIL to discontinue withholding the excess tax.

The complaint was amended July 26, 1983, wherein the plaintiffs sought a declaratory judgment that the lump sum was not taxable at all.

The defendants filed a motion to dismiss November 23, 1983, arguing that the court:

1) lacked jurisdiction under 28 U.S.C. § 1346(a)(1) because the complaint failed to allege that claims for refunds were filed with the IRS as required under 26 U.S.C. § 7422;

2) lacked jurisdiction under 28 U.S.C. § 1346(e) because 26 U.S.C. § 7426 is not a remedy available to the taxpayer and the complaint did not allege the IRS had made levies upon property for which a wrongful levy action could be brought;

3) lacked jurisdiction to enjoin CONRAIL from withholding taxes because 26 U.S.C. § 7421 prohibits suits for the purpose of restraining the assessment or collection of any tax; and

4) lacked jurisdiction because 28 U.S.C. § 2201 bars declaratory relief with respect to federal taxes other than

memorandum pertains to both the United States

an action brought under § 7428 (status and classification of an organization under § 501(c)(3)).

By order dated December 22, 1983, and filed January 4, 1984, Judge Dumbauld dismissed the plaintiffs' action because the complaint and amended complaint failed to allege that any claims for tax refunds had been filed as required under 26 U.S.C. § 7422. However, Judge Dumbauld dismissed the complaint without prejudice to file an amended complaint because he believed the plaintiffs' claim was meritorious.

An amended complaint was filed June 7, 1984, in which the plaintiffs alleged that a "substantial" number of the named plaintiffs had filed refund claims with the IRS as required under § 7422.

In their answer to this amended complaint, the defendants point out that after a claim for a refund has been filed no suit may be commenced before the expiration of 6 months or unless the IRS denies the claim before that. 26 U.S.C. § 6532(a)(1).

Since no allegation was made as to who filed the claims, what date they were filed or what the outcome was, the defendants claim the jurisdictional defect was not cured.

### Discussion

The defendants' first argument concerns whether the proper procedures for maintaining a refund action have been followed. As stated above, the defendants contend that the plaintiffs have yet to meet the requirements of 26 U.S.C. § 7422.

■ Although the plaintiffs' amended complaint alleges that a "substantial" number of the plaintiffs have filed refund claims, the defendants are correct that only those who have actually filed refund claims may maintain a refund suit. *Tibbetts v. United States*, 41 A.F.T.R.2d 1056 (N.D. Tex.1978), *Green v. Walters*, 32 A.F.T.R.2d 5963 (E.D.Cal.1973).

■ The amended complaint does not specifically mention which plaintiffs have

and CONRAIL.

filed refund claims. Furthermore, since the exact dates of filing these claims were not alleged, it is impossible to determine whether the 6-month waiting requirement of 26 U.S.C. § 6532(a)(1) has been met. The mere allegation in plaintiffs' complaint that "Counsel for plaintiffs have been advised by counsel for defendants that the Internal Revenue Service will probably reject each amended return . . ." is not sufficient to render the refund claims as being denied.

Without knowing which plaintiffs have filed refund claims and when, it is impossible to determine if jurisdiction is proper. Thus the complaint is still jurisdictionally defective as to this claim.

■ The defendants next argue that the court lacks jurisdiction under 28 U.S.C. § 1346(e) because that section deals with suits brought pursuant to 26 U.S.C. § 7426, and § 7426 is not available to the taxpayer. That section states:

§ 7426 Civil actions by persons other than taxpayers.

(a) Actions permitted.

(1) *Wrongful levy.* If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.

Section 7426 is clearly not applicable to the present situation. The plaintiffs have completely misinterpreted this section and jurisdiction therefore is improper under it.

■ Next the defendants argue that the court lacks jurisdiction to enjoin CONRAIL from withholding taxes from termination benefits because 26 U.S.C. § 7421 prohibits suits for the purpose of restraining the assessment or collection of any tax.

This section, also known as the Anti-Injunction Act, has been interpreted by the United States Supreme Court as prohibiting suits to enjoin collection of taxes unless two conditions are met.

First, if under no circumstances, under the most liberal view of the law and facts, could the government ultimately prevail, and second, if equitable jurisdiction were present (inadequate remedy at law and irreparable injury). *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962).

Since no reported case has ever addressed the issue of the proper interpretation of § 797(a) of the Northeast Rail Service Act of 1981, it certainly is possible that the government might ultimately prevail on the merits. Furthermore, it appears the plaintiffs have an adequate remedy at law, a refund suit, to determine whether the severance pay was taxable.

Having failed to demonstrate that the exception to the Anti-Injunction Act exists, the plaintiffs' prayer for injunctive relief is barred.

■ Finally, the defendants argue that 28 U.S.C. § 2201 bars any declaratory relief with respect to federal taxes. That section begins:

In a case of actual controversy within its jurisdiction, *except with respect to federal taxes* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party . . . (emphasis added).

This action clearly seeks declaratory relief with respect to federal taxes. Plaintiffs' arguments to the contrary are unpersuasive. This claim is therefore barred.

In conclusion, we note that while this court lacks jurisdiction to address the plaintiffs' claims, it appears nevertheless that the claim does have merit. As the government suggests, however, the proper procedure to reach the merits of their claim would be for the plaintiffs to pursue a refund action after meeting the statutory requirements set forth for such an action.

The complaint will therefore be dismissed as to all defendants without prejudice.