978 F.2d 1267
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Michael CRIM, Plaintiff-Appellant,
v.
TAD TECHNICAL SERVICES CORPORATION, a Massachusetts
corporation, Defendant-Appellee.
 No. 88-1219.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1992.
 
 Before HOLLOWAY, McWILLIAMS and BARRETT, Senior Circuit Judges.
 ORDER AND JUDGMENT*
 HOLLOWAY, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Michael Crim (Crim) filed this action pro se seeking injunctive relief to prevent TAD Technical Services Corporation (TAD) from withholding federal income taxes from his wages. Crim alleged that TAD violated a provision of the Internal Revenue Code, 26 U.S.C. § 3402(n), that enables qualified taxpayers to obtain exemptions from the tax withholding requirement. The District Court granted summary judgment in favor of TAD and, ruling that the action was frivolous, imposed sanctions on Crim under Rule 11 of the Federal Rules of Civil Procedure. We affirm.
 
 
 3
 * The Internal Revenue Code requires employers to withhold certain federal taxes from wages paid to employees. See 26 U.S.C. § 3402(a)(1) (1988). Under § 3402(n) of the Code, an employee can avoid the tax withholding requirement by certifying to the employer in a valid withholding exemption certificate that he or she qualifies for an exemption. See 26 U.S.C. § 3402(n) (1988). In order to obtain an exemption from withholding, an employee must file either a W-4 or a substitute form. See 26 C.F.R. § 31.3402(f)(5)-1(a) (1992).
 
 
 4
 In November 1987, Crim filed a complaint pro se alleging that TAD was withholding taxes from his wages in violation of § 3402(n). Crim's complaint sought an injunction to prevent further tax withholding from his wages "as long as there is no W-4 form on file with [TAD]" and "until the determination of this action." I R.Doc. 1. TAD filed motions to dismiss and for summary judgment on December 9 and December 18, 1987, respectively, in part on the basis of § 7421(a) of the Code which provides that no suit shall be maintained for the purpose of restraining the assessment or collection of federal taxes. See id. Docs. 2, 3, 7, 8. Crim responded by filing a "Motion To Deny Defendant's Motion To Dismiss Or For Summary Judgment" and a supporting brief on December 29, 1987.
 
 
 5
 After reviewing these submissions, the district judge granted summary judgment in favor of TAD. The judge did not address TAD's jurisdictional challenge. His order stated that having considered the motion, the response, and the reply, he found that there was no genuine issue of material fact and that the Internal Revenue Code mandates the withholding of income tax from wages where no revised W-4 form was filed by the wage earner prior to October 1, 1987. Summary judgment was entered for defendant TAD. By reason of the frivolous nature of the complaint, TAD was allowed attorney's fees under Rule 11. I R.Doc. 12. Subsequently attorney's fees were awarded in the amount of $1,400. I R.Doc. 14.
 
 II
 
 6
 Known as the Anti-Injunction Act, § 7421(a) of the Internal Revenue Code bars any suit brought "for the purpose of restraining the assessment or collection of any tax," with specified statutory exceptions that are inapplicable to Crim's action.[1] Of § 7421(a) the Supreme Court has observed, "its language could scarcely be more explicit." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). The Court has explained that "[t]he object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the assessment or collection of federal taxes." Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5 (1962). The purpose of § 7421(a) is to permit the federal government promptly to collect taxes unimpeded by litigation, and "to require that the legal right to the disputed sums be determined in a suit for refund." Id. at 7.
 
 
 7
 The only relief Crim requested specifically was injunctive relief, including a temporary restraining order, to prevent TAD from continuing to withhold taxes from his wages.[2] Thus Crim's action for injunctive relief to prevent TAD from withholding taxes from his wages should be characterized as an action brought "for the purpose of restraining the ... collection" of taxes. Analyzing actions similar to Crim's, other courts have held that § 7421(a) bars employee suits that seek to enjoin tax withholding on the ground that employers have wrongfully withheld taxes from wages. See, e.g., Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984) (affirming grant of summary judgment to employer in employee's suit for injunction and to recover withheld wages); Swierkowski v. United States, 620 F.Supp. 149, 152 (E.D.Cal.1985) (dismissing claim for injunction against further collection of withholding taxes as part of damages action), aff'd, 800 F.2d 1145 (1986), cert. denied, 479 U.S. 1093 (1987); Kupcho v. Steele, 651 F.Supp. 797, 800 (S.D.N.Y.1986) (claim for injunctive relief against employer withholding was barred by Anti-Injunction Act); Sutherland v. Egger, 605 F.Supp. 28, 31 (W.D.Pa.1984) (ruling prayer for injunction to prevent employer from withholding taxes from termination benefits barred); Schaut v. United States, 585 F.Supp. 137, 138-39 (N.D.Ill.1984) (granting Rule 12(b)(1) motion to dismiss in action seeking injunction to bar IRS from subjecting plaintiffs' wages to withholding taxes); Birks-Halyard Corp. v. United States, 537 F.Supp. 1213, 1214-15 (E.D.Wis.1982) (dismissing for lack of jurisdiction taxpayer's action to enjoin government from collecting withholding taxes and penalties); Shaffer v. Commissioner, 515 F.Supp. 748, 751-52 (E.D.La.1981) (dismissing employee's action to enjoin IRS from collecting withholding taxes). Following these decisions, we conclude Crim's request for an injunction was barred by § 7421(a).[3]
 
 
 8
 In Enochs v. Williams Packing & Navigation Co., 370 U.S. at 7, the Supreme Court recognized an exception to the ban on injunctive actions under § 7421(a) if a plaintiff can demonstrate (1) that under no circumstances can the United States ultimately prevail and (2) that equity jurisdiction otherwise exists. In support of its motion for summary judgment, TAD presented at least some evidence that it withheld taxes from Crim's wages because he failed to file a valid W-4. Thus, we cannot conclude from the record that either the government or the employer under no circumstances could prevail. Accordingly, we hold that under § 7421(a) the district court lacked subject matter jurisdiction over Crim's suit for injunctive relief against withholding of federal taxes from his wages.
 
 
 9
 In addition, we are satisfied that TAD was entitled to summary judgment. There was no genuine issue of material fact and TAD was entitled to judgment as a matter of law. As background, TAD notes that Crim, an employee of its Albuquerque office, filed a W-4 in early 1986 claiming exemption from withholding. Subsequently, § 1581(c) of the Tax Reform Act of 1986 required an employer to withhold taxes from an employee's wages at statutory rates if the employee failed to file a revised W-4 before October 1, 1987.[4] In an affidavit, TAD's payroll manager stated that Crim did not file a revised withholding exemption certificate on or before October 1, 1987, although the company specifically requested that he do so. I R.Doc. 4. TAD explains that as Crim had not filed a W-4 the firm began withholding from his wages on October 1, 1987. Id.
 
 
 10
 In response to the employer's contention that he had not filed a valid W-4, Crim pointed to a letter that he mailed to TAD by certified mail on October 5, 1987. See I Supp.R. Even a cursory review of the regulations and the exhibit convinces us that the letter in no way satisfied the requirements for a valid Form W-4. See 26 C.F.R. § 31.3402(f)(5)-1(a) (1992). A typewritten "Certificate of Exemption" submitted likewise failed to satisfy the regulations. It was dated January 12, 1988, and thus obviously was untimely, being over three months late. See Appellant's Opening Br.Ex.B. Crim did not create a genuine issue of material fact as to whether the company was required to withhold taxes from his wages.
 
 
 11
 We also find no merit in Crim's contention that the district judge erred by failing to conduct a hearing on TAD's motion for summary judgment. Crim does not argue that he was not given adequate notice of the motion for summary judgment and an opportunity to respond. The record shows that Crim received notice; he filed a responsive brief in which he addressed the motion for summary judgment as well as a separate motion to dismiss. I R.Doc. 10.
 
 
 12
 Under Rule 56(c) the nonmoving party must receive adequate notice of a motion for summary judgment and an opportunity to file opposing affidavits. See, e.g., Franklin v. Oklahoma City Abstract & Title Co., 584 F.2d 964, 967 (10th Cir.1978). However, the rule does not necessarily require that a court conduct a hearing for oral argument or the taking of evidence. See generally 10A Charles A. Wright et al., Federal Practice & Procedure § 2720.1, at 36-40 (1983) (noting predominant view that hearing is generally not required unless requested). In Geear v. Boulder Community Hospital, 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988), we noted that after a review of the movant's submitted materials, which the other party did not contradict, the district court found that entry of summary judgment was proper because there was no genuine issue of fact and the movant was entitled to judgment as a matter of law. We held that the "hearing" requirement of Rule 56 was thus satisfied. We also held that the notice requirement of Rule 56(c) was satisfied by a Colorado local rule requiring a brief in opposition to a summary judgment motion to be filed within 20 days after service of the motion. This provided adequate notice that the motion was considered ready for determination as of 20 days after service of the motion. Thus the plaintiff had received the notice and hearing to which she was entitled. Id. at 767.
 
 
 13
 In the instant case similarly local Rule 9j(2) required that a party opposing a motion for summary judgment shall file a written memorandum containing a statement of reasons in opposition to the motion within ten days after service of the motion, and that the moving party may within ten days thereafter file a written reply. These provisions were observed by the district judge in this case, the movant having served his motion and supporting papers, the plaintiff Crim having responded with his opposing motion and brief, and the movant TAD having replied. Rule 9j(3) provided that oral argument might be had in the discretion of the presiding judge. Here the judge reviewed the written submissions and ruled on the motion without oral argument or hearing, as the rule allowed. Under our Geear case, the Rule 56 requirements were met and Crim's claim of error concerning the lack of a hearing is without merit.
 
 III
 
 14
 Concluding that the complaint was frivolous, the district judge entered an award against Crim for $1,400 in attorney's fees as a sanction pursuant to Rule 11. I R.Doc. 12. On appeal Crim makes a generalized argument that the sanction was in error because the complaint was not frivolous. We disagree. The sanction was justified and was not an abuse of discretion. See, e.g., Coffey v. Healthtrust, Inc., 955 F.2d 1388, 1393 (10th Cir.1992); Hughes v. City of Fort Collins, 926 F.2d 986, 988 (10th Cir.1991).
 
 IV
 
 15
 In sum, the summary judgment and order dismissing the complaint and the order awarding attorney's fees in the district court under Rule 11 are AFFIRMED. We decline to award additional attorney's fees on appeal, which are requested, since there are appellate issues concerning the summary judgment procedure which are not frivolous.[5]
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The current version of § 7421(a) provides:
 Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.
 26 U.S.C. § 7421(a) (1988).
 
 
 [2]
 Crim's complaint contained the following prayer for relief:
 
 
 [1]
 That the court grant a temporary restraining order, enjoining and restraining the defendant, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, from withholding taxes as long as there is no W-4 form on file with the defendant, until the determination of this action
 
 
 [2]
 That the court issue its order ordering defendant to appear and show cause why a preliminary injunction should not be granted
 
 
 [3]
 That such other and further relief be granted as the court deems just, and the costs and attorneys fees for filing of this action
 I R.Doc. 1.
 
 
 [3]
 As we read the complaint, the scope of Crim's cause of action and of the remedy he was seeking is not entirely clear. The complaint does not specifically limit the requested injunctive relief to tax year 1987, and it contains a general request for "such other relief ... as the court deems just." I R.Doc. 1
 Even if Crim's prayer is viewed as seeking damages, then § 7421(a) would prevent our exercising jurisdiction. Courts have ruled that § 7421(a) bars not only actions specifically for injunctive relief, but also actions by employees against employers alleging breach of an employment contract by paying less than the amount agreed on. See Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir.1986) (affirming dismissal of employee's contract action); see also Maxfield, 752 F.2d at 434 (affirming grant of summary judgment to employer in employee's suit for injunction and to recover withheld wages); McFarland v. Bechtel Petroleum, Inc., 586 F.Supp. 907, 910, 911 (N.D.Cal.1984) (dismissing under Rule 12(b)(6) employee's contract action seeking restitution of tax withheld); Chandler v. Perini Power Constructors, Inc., 520 F.Supp. 1152, 1153, 1155 (D.N.H.1981) (granting Rule 12(b)(6) motion to dismiss employee's action against employer for conversion to recover wages withheld for federal income taxes).
 
 
 [4]
 Section 1581(c) states:
 (c) Employer's Responsibility.--If an employee has not filed a revised withholding allowance certificate before October 1, 1987, the employer shall withhold income taxes from the employee's wages--
 (1) as if the employee claimed 1 withholding allowance, if the employee checked the "single" box on the employee's previous withholding allowance certificate, or
 (2) as if the employee claimed 2 withholding allowances, if the employee checked the "married" box on the employee's previous withholding allowance certificate.
 Tax Reform Act of 1986, Pub.L. No. 99-514, § 1581(c), 100 Stat. 2085, 2765 (1986), amended by Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100-647, 102 Stat. 3572 (1988). The uncodified section is included in the notes following 26 U.S.C. § 3402.
 
 
 [5]
 We note that our Geear opinion which is relied on by us in upholding the procedure followed was not decided until May 1988, over three months after the notice of appeal by Crim was filed